## STEIN v. PUIG et ux.

### No. 11082.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 21, 1942.

Grover C. Morris, Joe Burkett, and James A. Harley, all of San Antonio, for appellant.

Gus C. Garcia, Carlos C. Cadena, and L. J. Gittinger, all of San Antonio, for appellees.

MURRAY, Justice.

This is a trespass to try title suit instituted by Rose Stein against Arthur J. Puig and wife, Edna Lee Puig, seeking to recover the title and possession of Lot No. 14, Block 7, N. C. B. 2998, in the City of San Antonio, Bexar County, Texas.

The trial was before the court without the intervention of a jury and resulted in judgment that plaintiff, Rose Stein, take nothing. From this judgment Rose Stein has prosecuted this appeal.

Appellant submits this case upon the following lone proposition, to-wit: "It is error for the court to render judgment against the appellant when the undisputed evidence shows that appellant is entitled to judgment."

No request was made for findings of fact or conclusions of law, and none were made by the trial court other than those set out in the judgment, which read as follows: "The Court finds that the plaintiff, Rose Stein, is claiming under a warranty deed from Lucien L. Morris, such deed being subject to a contract of sale to defendants Arthur J. Puig and wife, Edna Lee Puig; and it further appearing to the Court that such contract of sale is still in full force and effect and is not in default, the Court is of the opinion that judgment should be for defendant."

The court not having been requested to file findings of fact and conclusions of law, and having filed none other than those set out in his judgment, we must presume that he made all findings in support of the judgment rendered, which could be fairly drawn from the evidence.

The evidence shows that prior to October 11, 1940, Lucien L. Morris was the owner of the fee-simple title to said Lot No. 14, and on that date entered into a contract of sale with Arthur J. Puig and wife, Edna Lee Puig, whereby Morris agreed to sell and the Puigs agreed to buy said Lot No. 14 for a consideration of $3,300, to be paid $100 cash and balance in monthly installments of $50 each. The buyers also agreed to pay each month an additional sum equal to 1/12th of the city, school and county taxes, and insurance premiums estimated for the current year. Appellees have either made or tendered all of these payments when due, except the 1/12th of the taxes and insurance premiums, and the sum of $6, which was due December 11, 1940. On that date appellees paid $44 instead of $50, having deducted the sum of $6 to re-imburse them for money expended for repairs to a water heater. Morris thereafter accepted monthly payments without declaring a forfeiture because of the deduction of the $6.

Thereafter, on February 4, 1941, by warranty deed, Lucien L. Morris conveyed said Lot. No. 14 to Rose Stein. The deed

contained the following stipulations, to-wit: "This deed is made subject to a certain contract of sale, in favor of Arthur J. Puig and wife, Edna Lee Puig, dated October 11, 1940."

Thereafter Rose Stein declared the sales contract forfeited and instituted this suit for the purpose of recovering the title and possession of the lot and premises from appellees, which they are occupying as their home. Puig testified that he was ready and willing to pay whatever was due for taxes and insurance but had not done so because Morris had promised to notify him when he wanted the money and had never given him any notice. Morris testified that he sent Puig a letter requesting the tax and insurance money, but Puig denied receiving such a letter.

We overrule appellant's contention that the undisputed evidence shows that appellant was entitled to judgment in her favor.

The judgment of the trial court is affirmed.