## WILLIAMS et al. v. STONE et al.

### No. 5944.

Court of Civil Appeals of Texas. Texarkana.

July 30, 1942.

P. G. Henderson, and Shelburne H. Glover, and J. H. Benefield, all of Jefferson, for appellants.

B. F. Whitworth, of Linden, and M. L. Walters and Schluter & Singleton, all of Jefferson, for appellees.

HALL, Justice.

This is a suit in trespass to try title instituted by J. A. Stone and others, heirs of J. N. Stone, deceased, against A. D. Williams and other heirs of W. J. Williams, deceased, for title and possession of the J. R. Loughridge 107-acre survey of land in Marion County. Appellants, Williams and others, answered with general demurrer, general denial, and plea of not guilty, and also pleaded the 3-, 5-, 10- and 25-year statutes of limitation. R.C.S. Articles 5507, 5509, 5510 and 5519. They also averred that J. N. Stone, ancestor of appellees, never acquired title to the premises in controversy, but that the deed to him from J. A. Blackwell was a simulated transaction by which the said Blackwell sought to defeat a just claim against him of one Ellis who had brought suit against Blackwell in Justice's court in Marion County, Texas. Trial was to a jury upon one special issue which was answered favorably to appellees. Judgment was for appellees.

By their first point appellants contend that the evidence raised a presumption of a lost grant, and that the court erred in submitting "the naked issue of whether a deed was in fact executed and delivered, without any definitions and instructions to guide them in their deliberations." Appellees claim under a deed from J. A. Blackwell to J. N. Stone dated January 1, 1881, acknowledged February 14, 1881, and filed for record February 17, 1881, in the Deed Records of Marion County, Texas, conveying the land in controversy. Appellants claim under a deed from W. H. Cleveland, constable of Precinct No. 3 of Marion County, Texas, to their ancestor W. J. Williams. This deed attempts to convey the same property described in the deed from Blackwell to J. N. Stone and was sold by Constable Cleveland as the property of J. A. Blackwell to satisfy an execution against the said Blackwell out of the Justice's court of Marion County in favor of one L. A. Ellis for the sum of $29.97. The trial court gave the following special issue to the jury: "Do you find from a preponderance of the evidence that J. N. Stone executed and delivered to W. J. Williams a deed to the land in controversy?" To this the jury answered "No." Appellants admit in their brief that they claim under and by virtue of the constable's deed, "duly filed for record on July 18, 1881, and recorded in Vol. O, p. 533, Deed Records of Marion County." In our opinion, the question of a presumed grant is not raised by the evidence. Appellants having relied upon a deed from the constable to their ancestor W. J. Williams conveying this land, could not also rely upon a presumption of another and different grant from J. N. Stone. Houston Oil Co. v. McCarthy, Tex.Com. App., 245 S.W. 651; Dean v. Grogan-Cochran Lbr. Co., Tex.Civ.App., 58 S.W.2d 552; Trinity Lbr. Co. v. Pinckard, 4 Tex.Civ. App. 671, 23 S.W. 720, 1015, writ refused; Kilpatrick v. Gulf Production Co., Tex. Civ.App., 139 S.W.2d 653, writ dismissed. This being true, the evidence did not even raise the issue presented by the trial court, that is, a conveyance from J. N. Stone to W. J. Williams. There could be no error, then, in the court's refusal to instruct the jury relative to the law of a presumed grant in connection with the issue given. This point is overruled.

By appellants' second point it is asserted that the trial court should have submitted the issue of their title under the 5-year statute of limitation. The record is undisputed that J. N. Stone rendered this property for taxes for the year 1881, but not thereafter. There is no evidence that he ever lived upon the land, but the facts conclusively show that he lived in Cass County and later moved to Caddo Parish, Louisiana, near the town of Vivian. Sometime about 1896 appellants began to render the land for taxation, and paid the taxes thereon before delinquency until 1918, since which time the taxes have not been paid by any one. There is no evidence that any of appellants or their ancestors ever lived upon the land. The facts are that they and their ancestors on four different occasions sold the timber off same to Glenn Lumber Company, Clark & Boyce, the

Treckle Lumber Company, and Marshall Lumber Company. It also appears in the record that beginning in 1902 and continuing until the fall of 1907, the Glenn Lumber Company operated a tram road upon a portion of this land for the purpose of hauling logs off it and other lands to its sawmill. Also there is testimony that there was a camp house located on the land which was occupied by log cutters during the time they were taking timber off the land. There is evidence that some five to eight years before the trial a small part of the land was fenced, cleared and cultivated for a short time, but it is not shown by whom this was done. The witnesses testified that the land was known in the community as the Williams land, that is, it had that reputation. While the evidence was sufficient to establish the payment of taxes before delinquency, under the constable's deed, for a period of five years, there is not sufficient evidence to raise the issue of adverse possession under such deed. The most that can be said with respect to any possession of the property is that the Glenn Lumber Company ran a tram road over a portion of it and used it for probably five years to remove timber from it and adjoining lands; the occupancy of the camp house situated on said land; the fencing and cultivation by some one of a small part of same; and the further fact that appellants and their ancestor sold the timber off this land on four different occasions. There is no evidence that the owners of the tram road were holding the land or a portion thereof as tenants, or on behalf of, appellants or their ancestor. There is no evidence in the record that any person, either appellants, the Glenn Lumber Company, or any one else for them, used and occupied all of said land, or even a portion of it, for any period of five years so as to satisfy the law with respect to adverse possession. Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 122 S.W. 533, 124 S.W. 85; Simonds v. Stanolind Oil Co., 134 Tex. 332, 114 S.W.2d 226, 136 S.W. 207; McKee v. Stewart, Tex.Com.App., 162 S.W.2d 948, and authorities there cited. This point is overruled.

We have carefully examined the other points brought forward; they are without merit and are respectfully overruled.

It is our opinion that the facts in the record are such as to warrant an instructed verdict for the appellees. The judgment is therefore affirmed.