## STRICKLAND et al. v. HUMBLE OIL & REFINING CO. et al.

### No. 2456.

Court of Civil Appeals of Texas. Eastland.

June 23, 1944.

Fred Bacho, of Biloxi, Miss., and W. T. Weir, of Philadelphia, Miss., for appellants.

Vinson, Elkins, Weems & Francis, of Houston, for appellees.

LESLIE, Chief Justice.

L. V. Strickland et al. instituted this suit against Humble Oil & Refining Company et al. in trespass to try title to 260.9 acres of land in Montgomery County. The defendants answered (1) by general denial; (2) plea of not guilty; (3) the three year statute of limitation; (4) the five year statute of limitation; (5) the ten year statutes of limitation; (6) the twenty-five year statutes of limitation; (7) res adjudicata.

The trial was before the court without a jury and at the conclusion of the testimony the court rendered judgment for the defendants. There was no request for findings of fact and conclusions of law and the court filed none.

The plaintiffs appeal, contesting (a) defendant's right to judgment under either statute of limitation (Point II); (b) insisting the evidence "amply supports the contention of the plaintiffs that they are

the heirs of Wilson Strickland, deceased, and as such are entitled to the possession of said lands * * *." (Point III); and (c) that the court erred in permitting the introduction in the case of the judgment in cause of Allen Vince v. Wilson Strickland, (Point I).

A somewhat detailed statement of the nature of the cause and the proceedings in the trial court is necessary for proper understanding of the appeal and this court's disposition of the same. The litigants seem to have no divergent views on such matters and a preliminary statement will be taken from the respective briefs.

The instant suit was filed April 1, 1943, tried at the October term, appealed to the Beaumont Court of Civil Appeals and thence transferred to this court.

The numerous plaintiffs, named on the first 11 pages of the transcript, assert title to the land as legal heirs of one Wilson Strickland, who obtained from Texas a patent to the land, of date July 3, 1847. They claim Wilson Strickland died intestate, was never married, and that they are the only direct descendants of his brothers and sisters who survived him.

After proper application, a survey and payment of government fees, Wilson Strickland obtained by purchase a patent to one-third of a league of land in Montgomery County. The one-third of a league (1476 acres) was in conflict with the Ransom House Survey and other prior patents with the result that only 495 acres remained free from conflict and such reduced acreage has been for many years recognized as the Wilson Strickland Survey. The records contain no deed of conveyance of the land out of Wilson Strickland.

There is, however, an old judgment against Wilson Strickland in favor of Allen Vince, dated 1848, and rendered by the District Court of Harris County. This judgment undertakes to divest title to the entire one-third of a league out of Wilson Strickland and vest same in Allen Vince. The judgment purports to be based on a locative agreement between the parties and an alleged verbal sale. If that judgment be valid it took the title out of Strickland many years ago and put it in Vince, through whom the defendant oil companies herein deraign title.

Said Vince-Strickland judgment was not recorded in Montgomery County until oil was discovered therein about 1932.

In 1893 one W. D. Strickland of North Carolina executed a deed conveying the one-third of a league to his son, Joe W., and his daughter, Dora. Soon thereafter the daughter conveyed her half interest to her brother, Joe W. Strickland, who soon thereafter began selling off portions of the land under a power of attorney given by him to his local agent, in which he (Joe W.) declared that he had succeeded to the title of the land as the sole heir of Wilson Strickland. Said Wilson Strickland title has been active in market since 1893, and different tracts out of the 495 acres have been purchased, used, and occupied by different good faith claimants for many years. At least the evidence so reflects. Oil in this vicinity was discovered about December, 1931, and the owners of the W. D. Strickland title leased their respective interior tracts to different oil operators.

Hundreds of persons, principally from Georgia, North Carolina, Mississippi, Florida and Alabama, claiming to be the heirs of various Wilson Stricklands and asserting (by groups) their Wilson Strickland to be the true patentee and their former ancestor, began to file suits against the oil companies, both in the Federal Court and in the District Court of Montgomery County. In briefs it is stated that some 75 unrelated groups either filed suits or intervened in other suits.

Another event in the history of this land title was the filing of a suit by John Vince of New Orleans in the District Court of Montgomery County against the oil companies, claiming he was the grandson and sole heir of Allen Vince, who obtained the judgment against Wilson Strickland in 1848.

The various suits in the Federal Court were consolidated and the various suits in the District Court of Montgomery County were also consolidated under the style of John Vince et al. v. Humble Oil & Refining Company et al., No. 18253-A. John Vince amended his petition in the State District Court and named as additional defendants all the alleged or purported Strickland heirs who had then filed suit in the Federal Court. In part he obtained service by publication.

Some of the Federal Court plaintiffs who thus became defendants in the State Court filed petition and bond to remove the consolidated state court case to the Federal Court, and it remained in that court for a number of months under docket number

194, until it was later remanded to the state court, where it was tried under the style of John Vince et al. v. Humble Oil & Refining Company et al., State Court number being 18253–A.

L. V. Strickland (plaintiff herein) and many of his relatives intervened in the consolidated federal court case, the original suit in that court. After the state court case was removed to the Federal Court and while pending there as a separate suit from the one originally filed in that court, L. V. Strickland and associates took the written depositions of Mrs. J. C. Strickland and eight or ten other witnesses after due notice that same were being taken in both consolidated cases then pending in the Federal Court. One set of such depositions was returned and filed in the consolidated case originally instituted in the Federal Court, and the other set was returned and filed in Cause 194, the consolidated case then pending in the Federal Court on removal from the State Court.

Consolidated cause 194, styled John Vince et al. v. Humble Oil & Refining Company et al., was remanded to the state court in 1940, and the Federal Court then ordered all depositions taken in that case, including those taken by L. V. Strickland et al., returned to the State Court, where they remained a part of the record.

The intervention of L. V. Strickland et al. in the consolidated case originally filed in the Federal Court was dismissed by that court on its own motion in 1941. No appeal was taken from that order and no trial was had on said intervention.

About the time consolidated cause of John Vince et al. v. Humble Oil & Refining Company et al. was remanded to the State Court, one W. T. Williams filed suit in the District Court of Montgomery County against all of the various Stricklands whose names appeared in the various pleadings and interventions, and against John Vince and also against Humble Oil & Refining Company and other oil companies and royalty owners, and against the unknown heirs of Wilson Strickland and their unknown heirs, asserting that the patent to the Wilson Strickland Survey of June 3, 1847, was void and claimed that he, W. T. Williams, was entitled to oil and gas lease from the State of Texas on 495 acres not in conflict with other surveys.

The State intervened in this suit under the 1939 Leasing Law and the State and said W. T. Williams got service on many of the non-residents and on the unknown heirs of Wilson Strickland and the unknown heirs of the unknown heirs by publication. Thereupon, the suit by Williams and the State was consolidated with the John Vince suit and that consolidated cause proceeded to trial in August, 1940, before the court and jury. As stated in the brief, the trial consumed almost a year. An attorney was duly appointed to represent the unknown heirs of Wilson Strickland and the unknown heirs of the unknown heirs who did not file an answer in the state court. In that proceeding a number of Strickland groups, claiming under various alleged Wilson Stricklands, filed answers and cross actions and presented their testimony. However, L. V. Strickland and his associates did not file an answer in the State Court.

Other Strickland heirs, the Hardy Washington Strickland group, answered and presented testimony. It was contended by the L. V. Strickland group that they claimed under the same Wilson Strickland as the Hardy Washington Strickland group. The jury found that the Wilson Strickland contended for by the Hardy Washington Strickland group did not exist and that he was not the patentee. The L. V. Strickland group, as then constituted, having taken and returned depositions in the case and the jury having found against the claims of the other heirs of their alleged Wilson Strickland, the trial court entered judgment against the L. V. Strickland group that they take nothing by that suit. In that proceeding the attorney for the L. V. Strickland group filed a motion to have the names of that group stricken from the judgment and another motion for a new trial. Both motions were overruled by the trial court and no appeal was taken on behalf of the L. V. Strickland group. The judgment therein as to them became final.

In 1942 the L. V. Strickland group filed suit against the Humble Oil & Refining Company in the Chancery Court of Mississippi. A plea in abatement was there filed by Humble Oil & Refining Company and was sustained by the court. An appeal was taken to the Supreme Court of Mississippi and the order of dismissal was affirmed. 194 Miss. 194, 11 So.2d 820.

As stated, the present suit was filed in Montgomery County April 1, 1943, by said L. V. Strickland group and by a second group of claimants who denominated themselves the W. F. Stephens or Bacho group.

While they brought their suits together in one petition, nevertheless it seems to have developed that they claimed under different Wilson Stricklands and each insisted that his Wilson Strickland was the patentee in the original patent.

The 260.9 acres actually in controversy here is made up of four distinct tracts specifically described in the pleadings. The first tract of 90 acres (B. D. Griffin Tract) is claimed by the Humble Oil & Refining Company. The second tract (designated as American National Bank of Frankfort Tract) contains 60.262 acres and is also owned by Humble Oil & Refining Company. The third tract, which is the south half of said bank tract, contains 60.262 acres and is owned by the Tide Water Associated Oil Company. The fourth tract, known as the R. R. Dunn Estate Tract and consisting of about 50 acres, is owned by Mon-Sho Oil Company. The American Republics Corporation owns an interest with the Humble in the Griffin 90 acre tract, it having reserved an overriding oil royalty in this tract when it sold the same to the Humble.

In the original petition filed April 1, 1943, Humble Oil & Refining Company was sole defendant. Other defendants were brought in by the amended petitions filed Apr. 1, 1943. At first the suit was in trespass to try title and for damages, but later on the claim for damages, oil accounting, etc., was dropped from the present suit, limiting its scope to the question of title only.

In substance the controlling issues presented by the appeal are: (1) The identity of the two groups of plaintiffs as heirs of the original patentee, Wilson Strickland, (2) the presumption of a grant in favor of the active title, which is owned by the defendant oil companies, (3) the issue of res adjudicata and estoppel by judgment, and (4) the validity of the various defenses based on limitation under the different statutes.

The L. V. Strickland group of plaintiffs, claiming their ancestor, the alleged Wilson Strickland, to be the son of Richard and Sarah, his wife, and the true patentee of the land, filed their appeal bond in time, as well as their transcript and statement of facts.

The other group of plaintiffs (sometimes designated the W. F. Stephens or Bacho group), who apparently claim their alleged Wilson Strickland was a different person and the son of Absolom Strickland, undertook to prosecute a separate appeal, but filed their appeal bond late and filed only one copy of their statement of facts, which was also filed late. As a result of the late filing of the appeal bond, this court dismissed the appeal of that group and on April 14, 1944, overruled a motion for rehearing and refused to set aside the former order of dismissal. An appeal from that judgment was prosecuted to the Supreme Court, which on June 7, 1944, refused a writ of error in the cause styled Stephens et al. v. Humble Oil & Refining Company et al.

It follows there is now before us for consideration only the appeal prosecuted by L. V. Strickland and his associates.

After an exhaustive hearing the trial court (without aid of a jury) found the issues in favor of the defendants and denied plaintiffs any relief. Although the statement of facts is lengthy—some 280 pages with many exhibits, plats, etc.—no finding of fact and conclusions of law were requested and none were filed by the trial court. In that situation, it is the duty of this court to affirm the judgment of the trial court if such can be done on any reasonable theory supported by the evidence and authorized by law. Our Supreme Court in an opinion by Justice Sharp in Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963, 964, said:

"No findings of fact or conclusions of law were filed by the trial court and none requested. It is to be presumed that in support of such judgment all facts were found in favor of same which have any support in the evidence."

Numerous authorities so state and apply these elementary rules of law. Connor v. City of University Park, Tex.Civ. App., 142 S.W.2d 706, writ refused; Humphrey v. Southport Petroleum Co., Tex. Civ.App., 131 S.W.2d 395; Stevenson v. Wilson, Tex.Civ.App., 163 S.W.2d 1063; Stein v. Puig, Tex.Civ.App., 159 S.W.2d 154; 3 Tex.Jur. p. 1059, sec. 747, et seq., and authorities cited in said opinions and text.

Under such record it will be presumed that the court accepted as true the evidence offered by the prevailing party. Clark v. Goldberg, Tex.Civ.App., 3 S.W. 2d 920, writ refused.

With such rules in mind we come to a consideration of the defendants' respective titles under the five year statute of

limitation, Art. 5509, Vernon's Annotated Civil Statute. This statute prescribes the terms and elements of such title, and a careful review of the evidence in this case convinces us that such title has long since matured fully and completely in favor of the defendants, or appellees. It is unnecessary to discuss the details of the testimony, much of which is evidenced by written stipulations of the parties. Under the statute and such authorities as Clements et al. v. Texas Company et al., Tex.Civ.App., 273 S.W. 993; McCombs v. Abrams, Tex.Civ. App., 28 S.W.2d 584; Laird v. Gulf Production Co. et al., Tex.Civ.App., 64 S.W. 2d 1080; Taylor et al. v. Higgins Oil & Fuel Co., Tex.Civ.App., 2 S.W.2d 288; McLavy et al. v. Jones et al., 31 Tex.Civ.App., 354, 72 S.W. 407, it must be held that the evidence not only warrants but requires that this court hold said title to be full and complete in the respective defendants, meeting every condition which goes to mature title under that statute.

■ There are some minors named among the plaintiffs in the L. V. Strickland group. However, the parents or ancestors of these respective minors having died (according to the evidence) after the adverse possession commenced as against the parents or ancestors, the statute of limitation continued to run, notwithstanding any disability of minority that may have existed at some time on the part of any one or more of said heirs or minors. Hence, the five year statute of limitations also operated completely as against them. Moody's Heirs v. Moeller et al., 72 Tex. 635, 10 S.W. 727, 13 Am.St.Rep. 839; Howard et al. v. Stubblefield, 79 Tex. 1, 14 S.W. 1044; Lion Oil Refining Co. v. White, Tex.Civ.App., 138 S.W.2d 290 (Point V); Sandmeyer v. Dolijsi, Tex.Civ.App., 203 S.W. 113; 28 Tex. Jur. p. 240; 2 Tex.Jur. p. 44, sec. 20 and authorities in note 16; V.A.C.S. Art. 5544; 14 Tex.Jur. p. 241.

In the light of these authorities and without any material legal interruption of the Statute and upon the undisputed evidence, we hold that title matured in each defendant as against the plaintiffs under the five year statute of limitation in all of its essential elements or requirements.

We are constrained to hold that the ten year statute of limitations (Art. 5510, V.A. C.S.) also constitutes a complete bar to any claim of title or alleged right of plaintiffs in each of the four tracts of land sued for. The evidence as to the facts of open, peaceable, and adverse possession in favor of the respective defendants and their use of the land, as asserted by them, is deemed to have established valid title by ten years limitation in the respective defendants. Such is the general conclusion to be drawn from the evidence as a whole, and the plaintiffs in their brief point out nothing to the contrary.

The nature of the testimony requiring such interpretation is reflected by the stipulations of the parties, some parts of which read:

"It is further agreed that neither the present complainant nor J. W. Strickland, nor their ancestors have ever rendered any part of said Wilson Strickland one-third league for taxes, nor have they ever paid any taxes thereon nor have any of said parties ever been assessed for any taxes on any part of said lands." (Par. X.)

"None of the complainants (L. V. Strickland, et al.) nor the defendant, J. W. Strickland, nor other alleged heirs of the Wilson Strickland under whom said complainants and others claim, have ever been in possession of any part of said original Strickland one-third league either before the production of oil or during the production of oil or at the time when the bill of complaint was filed herein, nor at this time, nor did any of said parties ever make or assert any claim to any part of said Wilson Strickland one-third League until some years after the discovery of oil thereon in Montgomery County, Texas." (Par. IV.) (Said oil was discovered and produced in December, 1931.)

"Defendant Humble Oil & Refining Company is in possession of those various portions of said Wilson Strickland one-third league of land in Montgomery County, Texas, from which it has produced oil. Said Humble Oil & Refining Company went into possession of said respective portions of said land prior to its production of oil therefrom, in good faith, believing that the persons from whom it purchased and acquired the oil and gas leases and other interests in the respective tracts of land, were the owners thereof; such purchases by defendant, Humble Oil & Refining Company having been made for large and valuable considerations from the apparent owners of said respective tracts, according to the Public Records of Montgomery County, Texas, Humble Oil & Refining Company having gone into possession, and remained in possession and being now in possession

under a good faith claim of ownership of all the lands, interests and rights so purchased by it.

"In this connection, however, it is stipulated that various other surveys in Montgomery County, Texas, conflict with portions of said Wilson Strickland one-third of a league of land, leaving approximately 495.22 acres of said Wilson Strickland Survey free of such conflict. The various lessors and grantors of the defendant, Humble Oil & Refining Company as to those portions of said Wilson Strickland Survey free of such conflict, hold under deeds or other conveyances from and under W. D. Strickland, who conveyed the land in 1893. * * *" (Par. V.)

As to the other defendants the stipulations or agreements of the parties are just as sweeping and reflect completely the elements going to establish title perfected by the statute of limitations. It is unnecessary to set forth the evidence in further detail. It is quite likely the evidence conclusively establishes in favor of the respective defendants title under both the five and ten year statutes, but under the testimony, the judgment of the trial court must be sustained, even though the testimony may not be that conclusive as to latter.

■■ Regardless of the validity of the judgment (1848) in favor of Allen Vince v. Wilson Strickland (a question we find it unnecessary to determine), we are of the opinion that the evidence warranted the trial court·in presuming a grant from Wilson Strickland to W. D. Strickland (who began to convey this land in 1893), thus constituting a regular chain of title through the Strickland line into defendants, appellees herein. In the absence of findings of fact and conclusions of law (the effect of which was discussed in the earlier part of this opinion), this court is justified and required to presume that the trial court under the circumstances presumed such grant.

As above pointed out, the parties hereto have agreed that the W. D. Strickland title originating in 1893 (50 years ago) has been active and has passed by a series of mesne conveyances into the defendants who have been, as stipulated, in active, open and adverse possession of the land sued for, in good faith, believing themselves to be the owners thereof for many years and whose predecessors in title claim the land and asserted open authority over the same. The stipulations of the parties disclose there are no delinquent taxes due against said property and that all taxes have been regularly and promptly paid by the defendants and their predecessors in title.

Stipulations further show plaintiffs have never rendered the property for taxes, have never paid any taxes on the land, have never been in possession of the same, and have never exercised any ownership or dominion over the land or asserted any claim to the same until recently, or after the discovery of oil.

The evidence further shows that some of the plaintiffs had known through the years by family tradition that Wilson Strickland had secured the land in Texas, and one of said witnesses testified that she recalled hearing older members of her family say the land was located in· Montgomery County, Texas.

■ Under such circumstances it could be reasonably inferred that plaintiffs and their ancestors could have readily located the land and asserted claim thereto if they had so desired or deemed themselves entitled to the same. Under that evidence the trial court was undoubtedly justified in presuming a grant from Wilson Strickland to W. D. Strickland. Every presumption in favor of the judgment must be indulged, since there are no findings of fact or conclusions of law in the record.

Concerning the validity of a presumption of grant under such circumstances, our Supreme Court in an opinion by Judge Greenwood in Magee et al. v. Paul et al., 116 Tex. 470, 221 S.W. 254, 256, held as follows:

"Since it is not consistent with human experience for one really owning property of value to assert no claim thereto, but to acquiesce for a long period of time in an unfounded, hostile claim, the rule is sound which permits the inference that an apparent owner has parted with his title from evidence, first, of a long-asserted and open claim, adverse to that of the apparent owner; second, of nonclaim by the apparent owner; and third, of acquiescence by the apparent owner in the adverse claim.

"The rule is essential to the ascertainment of the very truth of ancient transactions. Without it, numberless valid land titles could not be upheld. Its application becomes more and more important with the passing years, as it becomes more and more difficult to get living witnesses to that which long ago transpired."

To the same effect: Masterson v. Harris County, etc., Tex.Com.App., 15 S.W.2d

1011, 18 S.W.2d 588, 67 A.L.R. 1324; Price v. Humble Oil & Refining Co., Tex.Civ. App., '152 S.W.2d 804; Guffey Pet. Co. v. Hooks, 47 Tex.Civ.App. 560, 106 S.W. 690; Chapman v. Kellogg, Tex.Com.App., 252 S.W. 151; Miller-Vidor Lbr. Co. v. Schreiber, Tex.Civ.App., 298 S.W. 154.

■ Further, the evidence in this record is of such a nature that it may be logically contended therefrom that the plaintiffs failed to identify themselves as the lawful heirs of Wilson Strickland, Patentee. In other words, the relevant testimony was conflicting as between the groups seeking to deraign title through Wilson Strickland (patentee) and as his heirs and establish title in themselves. The trial court in entering judgment could have found from such evidence that plaintiffs were not the heirs of said Wilson Strickland. Here again the rule previously applied operates. That is, in the absence of findings of fact and conclusions of law, this court, to support the judgment below, must indulge every presumption not inconsistent with the record that the trial court so found. Authorities first cited.

■ There is another reason the judgment against the plaintiffs is correct in disallowing them any recovery. Neither group of plaintiffs contended that they represented all the heirs of Wilson Strickland, patentee, and they state and contend that they are suing only for the portion of the alleged heirs named in each respective group. There is no testimony in the record from which the trial judge could have determined the correct fractional interest of the plaintiffs or any individual thereof and enter a judgment in his favor had recovery otherwise seemed warranted.

The nature of the testimony on this phase of the case is illustrated by that given by Mrs. Mary L. Cook. After naming numerous brothers and sisters of the Wilson Strickland contended for by her, she was asked:

"Q. Do you know what became of the brothers and sisters of Wilson Strickland? A. No, sir. None but James Strickland.

"Q. Now, the other brothers and sisters. Do you know their children and grandchildren? A. No, sir.

\* \* \* \* \* \*

"Q. Would you know how to figure, not knowing about these other brothers and sisters of Wilson or what became of their children and all, you wouldn't know how many or how much of this land belonged to you and your group, would you? A. No, sir."

In failing to offer evidence of such particular interest sued for, the plaintiffs failed to discharge the burden resting upon them to furnish some substantial basis for a judgment in their favor. The trial court had no way of figuring out the interest, if any, of these litigants. Davidson v. Wallingford, 88 Tex. 619, 32 S.W. 1030; Duncanson v. Howell, Tex.Com.App., 222 S.W. 232.

■ We are also of the opinion that the judgment of the trial court is sustainable upon the plea of res adjudicata. Evidently the plaintiffs are not entitled to recovery since they are bound by the judgment against them in the case of John Vince et al. v. Humble Oil & Refining Company et al., No. 18253-A, of date August 11, 1941, heretofore set out but not appealed from by any of the plaintiffs.

The facts underlying this plea have been fully set out in the opening statement. The unknown heirs of Allen Vince and the unknown heirs of the unknown heirs were made defendants in that suit. All were duly cited, some by publication. In terms of law they all had knowledge of that suit.

Plaintiff, L. V. Strickland, appeared in person in open court during the trial of that case. He and his group entered their appearance in that cause (18253-A) by taking depositions therein, which by agreement were read in the instant case. After judgment L. V. Strickland et al. filed a motion in the case resisting the judgment and asking to have the names of his clients stricken therefrom and he also filed a motion for a new trial. Both motions were overruled, and no appeal was taken from that judgment by any of the L. V. Strickland group or any of the plaintiffs in cause 18253-A. Under the facts of that case and the stipulation with reference thereto, the present plaintiffs are bound by the judgment therein, the underlying issue in that cause being the same in the instant case, so far as the identity of the true patentee is concerned. We think the adjudication of that issue in the former suit is conclusive on these plaintiffs and cannot again be litigated as here attempted. Treasurer of State v. Wygall, 51 Tex. 621; Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210; Southern Pac. R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355.

If the trial court admitted any incompetent evidence as complained by the plaintiffs, the presumption will be indulged that that court disregarded the same in entering his judgment. It will be remembered that the trial was before the court without a jury and no findings of fact or conclusions of law were requested by the parties or filed by the trial court. There is no statement or certificate by the trial court that any such testimony was considered in reaching his conclusions. Creager v. Douglas, 77 Tex. 484, 14 S.W. 150; Wilcox et al. v. Dillard, Tex.Civ.App., 3 S.W. 2d 507, writ refused; Victory v. State, 138 Tex. 285, 158 S.W.2d 760; Ferguson v. Ferguson, Tex.Civ.App., 11 S.W.2d 214. (Points XVI and XVII.)

It follows that each of the points relied upon by the plaintiffs is overruled, and for the reasons assigned the judgment of the trial court is affirmed.