### GREEN v. McCLURE.

#### No. 5787.

Court of Civil Appeals of Texas. Amarillo.

May 19, 1947.

Rehearing Denied June 23, 1947.

J. Hardy Neel and Phillips & Rovenger, all of Dallas, for appellant.

Bonney, Paxton & Wade, of Dallas, for appellee.

PITTS, Chief Justice.

This is a suit for debt and foreclosure. Appellant, C. N. Green, sold a liquor store to appellee, B. W. McClure, for a consideration of $4,200 cash and a note for $1,500 secured by a chattel mortgage on the

store and an automobile. Appellee defaulted on the payment of the note and appellant filed suit against him. Appellee answered with a general denial, alleged fraudulent misrepresentations and asked for cancellation of the note or for damages in the sum of $2,000 in the alternative.

The case was tried before the court without a jury. The judgment was rendered for appellee against appellant to the effect that the latter take nothing as against the former from which judgment an appeal was perfected to the Court of Civil Appeals on the Fifth Supreme Judicial District and the same was transferred to this Court by the Supreme Court.

 No findings of fact and conclusions of law have been filed or requested in so far as the record reflects. Therefore the record does not disclose on what theory the trial court rendered its judgment but it is presumed that such findings as it had in mind were in support of the judgment rendered. Under such circumstances it is the duty of the reviewing court to affirm the judgment of the trial court if such can be done on any reasonable theory supported by the evidence and authorized by law. Connor v. City of University Park, Tex. Civ.App., 142 S.W.2d 706; Strickland v. Humble Oil & Refining Co., Tex.Civ.App., 181 S.W.2d 901, and other authorities there cited. Under such circumstances this Court is required to construe the evidence in the light most favorable to appellee and in considering the sufficiency of the evidence to sustain the findings, we are required to disregard all evidence adverse and to consider only the evidence favorable to the findings, indulging every legitimate conclusion which tends to uphold such findings. Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, and other authorities there cited.

In applying these rules to the evidence heard in this case, it is presumed that the trial court found, in view of its judgment, that one of the material things that induced appellee to buy the liquor store from appellant for the recited consideration was the statement made by appellant to appellee just before the sale was consummated that the monthly net profits of the sales made at the store for the past several months had been from $860 to $1,500 and that appellant showed appellee falsified records in support of his claim; that appellee saw an advertisement to sell the said store in a local paper over the name of appellant's broker stating that $800 was the monthly profits of the store, while as a matter of fact, the evidence shows the net profits of the said store for the eight months immediately preceding the date such representations were made and the sale of the store never ran higher than $748.31 for any one month and the net profits ran as low as $153.05 for one month and the average monthly net profits for the said eight month period was actually only $426.84; that such representations made by appellant to appellee and the advertisement in the local paper over the name of appellant's agent were false and constituted fraud which induced appellee to buy the said store. In which event, the evidence was amply sufficient to support such findings.

 In this case appellant sued for debt and foreclosure evidenced by a note secured by a mortgage. Appellee defended on the grounds of fraudulent misrepresentations and asked for cancellation of the note and in the alternative for damages on the cross action. Both parties further pleaded for such other and further relief, both general and special, at law and in equity, as the court may find them entitled to in the premises. Both parties therefore invoked the jurisdiction of the court to exercise its equitable powers if need be in administering justice between the parties by granting relief where it should be granted, if at all, so the parties may not be required to institute further proceedings to determine the matters about which they are here complaining. Under their prayers for such relief, all the parties being before the court, and their respective interests having been presented to the court, it had the authority to administer under its general equitable powers such relief as it found from the facts to be necessary and proper in order to settle the entire controversy. Sherwood v. Sherwood, Tex.Civ.

App., 225 S.W. 555, writ dismissed; Mooneyham v. Cornick, Tex.Civ.App., 294 S.W. 894; 7 Tex.Jur. 1008, Sec. 75.

Appellee asked for recission and in the alternative for damages in the sum of $2,000 which he had a right to do. Wright v. Chandler, Tex.Civ.App., 173 S.W. 1173. Under this record the trial court may have found that appellee was damaged in the sum of $1,500 by reason of such fraudulent representations made by appellant and his agent to him. Lovelady v. Bennett, Tex. Civ.App., 26 S.W. 313. Or the trial court may have found that, because of the fraudulent representations, appellee was entitled to the right of an equitable abatement in the sum of $1,500 the amount of the note. Watson v. Baker, 71 Tex. 739, 9 S.W. 867.

The trial court may have found that there was a failure of consideration in the purchase price of the store in the sum of $1,500. But we find no reversible errors, and without further speculation about the theory upon which the trial court based its judgment, appellant's points of error are all overruled and the judgment of the trial court is affirmed.