## CICERO SMITH LUMBER COMPANY v. SWEAT.

### No. 5998.

Court of Civil Appeals of Texas. Amarillo.

Oct. 10, 1949.

W. M. Tucker, Wellington, for appellant.
R. H. Cocke, Wellington, for appellee.

PITTS, Chief Justice.

This suit is in the nature of trespass to try title and to remove a cloud from the title of some 235 acres of land situated in Collingsworth County, Texas. Appellee, Rufus Sweat, filed suit on January 31, 1949, against appellant, Cicero Smith Lumber Company, a corporation, claiming title to the said land and alleging that appellant's claims to any interest in the said land were barred by the statutes of limitation. Appellant joined issues with appellee and the case was tried to the court without a jury. Judgment was rendered for appellee from which an appeal was perfected to this court.

It was agreed by stipulation that the common source of the title was in Rome Cody who acquired title to the said land on December 12, 1917. The record reveals that Rome Cody owned the said land continuously thereafter until he sold and conveyed it by warranty deed to appellee on November 19, 1948. Appellant claims an interest in the said land by reason of an alleged deed of trust executed to it against the said land by Rome Cody on March 11, 1921, to secure the payment of a note in the sum of $454 executed by Cody the same day, payable to appellant on November 1, 1921; both were extended on May 23, 1925, payable on November 1, 1925, and were renewed on April 3, 1931, payable on November 1, 1931. The record further reveals that the alleged deed of trust, lien and note were never foreclosed and were never again extended

or renewed and appellant admitted that its claim by reason of such was more than fifteen years past due at the time this suit was filed by appellee.

In its judgment the trial court found that any claim appellant may have had to the said land or to any interest therein by reason of the alleged deed of trust lien thereon was then barred by the four years statutes of limitations. The position of the trial court is sustained by the provisions of Article 5520, Vernon's Annotated Civil Statutes, as amended in 1945 by the 49th Legislature and as construed by this court in the case of Lund v. Emerson, Tex. Civ.App., 204 S.W.2d 639.

The trial court further found that appellee held title to the said land by reason of adverse possession thereof as a result of the five, ten and twenty-five year statutes of limitations. Vernon's Ann.Civ.St. arts. 5509, 5510, 5519. The evidence shows conclusively that Rome Cody, appellee's predecessor in title to the said land, had held the land adversely, under fence, using and occupying it with his family continuously as a homestead, and paying taxes on it from the time he acquired it on December 12, 1917, until he sold it to appellee on November 19, 1948, since which time appellee had so occupied and used the land. The period of time it had been so occupied was more than thirty-one years.

The elements essential to title by limitation have been so well settled in adjudicated cases that a continued discussion of them will not be given here. Such elements have been thoroughly discussed by this court in the case of Cook v. Winter, 207 S.W.2d 145. We therefore cite that case and other authorities there cited in support of the disposition made by the trial court of the issues of adverse possession in this case. We further cite Williams v. Stone, Tex.Civ.App., 165 S.W.2d 929; Strickland v. Humble Oil & Refining Co., Tex.Civ. App., 181 S.W.2d 901; Adams v. Adams, Tex.Civ.App., 205 S.W.2d 801, and there are numerous other authorities that will adequately support the trial court's findings of adverse possession by appellee in this case.

It is our conclusion under the facts presented and the authorities cited that the trial court's judgment should be affirmed and it is so ordered.