**L. V. STRICKLAND et al., Appellants,**

v.

**MON–SHO OIL COMPANY, Inc., et al.,
Appellees.**

**No. 10613.**

Court of Civil Appeals of Texas.

Austin.

Jan. 14, 1959.

W. T. Weir, Philadelphia, Miss., for appellants.

John K. Meyer, Walter B. Morgan, Nelson Jones, Dillard Baker, William S. Clarke, Graves & Graves, P. F. Graves, Jr., W. J. Knight, R. B. Meredith, Vinson, Elkins, Weems & Searls, Raybourne Thompson, J. Evans Attwell, Thomas Fletcher, James W. McCartney, Robert O. Koch, Woodul, Arterbury & Wren, Houston, Charles F. Heidrick, Samuel C. Lipscomb, Beaumont, Townsend & Townsend, Atkinson & Rhodes, Dallas, McClain & Harrell, James M. Crane, R. H. Weatherly, T. W. Crawford, T. F. Green, Jr., Conroe, A. L. Lowery, McAlister & Benchoff, Nacogdoches, William R. Roberts and Ann Roberts, Portland, Or., W. B. Cummings, Joe Cummings, Kerrville, Hawley C. Kerr, James E. Hara, Tulsa, Okl., for appellees.

ARCHER, Chief Justice.

This is an action in trespass to try title as well as for damages filed by L. V.

Strickland and others (in 15 groups) with an aggregate of approximately 1,200 parties plaintiffs, against Skelley Oil Company, a corporation, and sixty other parties defendants, to recover the title and possession of the Wilson Strickland ⅓rd League Survey in Montgomery County, Texas, and for $100,000,000 in damages.

The plaintiffs in respective interests as alleged in the petition claim title to the Strickland survey (we omit the field notes) as heirs and legal descendants of Wilson Strickland.

The defendants filed a motion for summary judgment averring that there exists no general issue as to any material facts in this cause, and based on the pleadings and record therein and the attachments to the motion, moved the court for a summary judgment in favor of the defendants on six grounds, which may be briefly stated as follows:

"First: A. Plaintiffs' sole claim to an interest in the land sued for is as alleged heirs at law of Wilson Strickland, patentee in that certain patent from the State of Texas to Wilson Strickland, A–484, dated July 3, 1847, and recorded at Vol. 62, page 255, Deed Records of Montgomery County, Texas.

"B. In the year 1848, title to said land was divested out of said Wilson Strickland by final judgment of the District Court of Harris County, Texas, in cause No. 1,718. Said judgment is dated December 5, 1848, and recorded at Vol. E, page 504, of the Minutes of said Court. Said judgment remains in full force and effect and has never been reversed, voided or set aside, and a certified copy is attached hereto and made a part hereof, marked Exhibit 'I–B'.

"C. The Wilson Strickland of whom plaintiffs claim to be heirs (which claim is not admitted, but is expressly denied) was the same Wilson Strickland who was a defendant in such suit. Said Wilson Strickland never reacquired title to said land subsequent to such judgment.

"D. The heirs at law, if plaintiffs be such heirs, which is not admitted but is expressly denied, of said Wilson Strickland are bound and precluded by such judgment which is res adjudicata of their claim to title to said land, operates to estop plaintiffs and as a bar to this suit.

"E. That such judgment is valid and that same divested out of Wilson Strickland and his heirs all right, title and interest in and to the land sued for, was determined in consolidated cause No. 18,253–A in the District Court of Montgomery County, Texas, styled John Vince et al vs. Humble Oil & Refining Company et al. Judgment in said cause, No. 18,253–A, was rendered on August 11, 1941, and appears at Vol. Y, page 17, of the Minutes of such Court. Certified copy of such judgment is attached hereto and made a part hereof, marked Exhibit 'I–E'. Such suit was appealed to the Honorable Court of Civil Appeals for the Ninth Supreme Judicial District and by order transferred to the Honorable Court of Civil Appeals for the Tenth Supreme Judicial District. On January 25, 1945, the latter Court rendered an opinion affirming the Court below and specifically holding that the judgment in Allen Vince vs. Wilson Strickland was valid and divested all title out of Wilson Strickland. Subsequently the Supreme Court refused a writ of error. The opinion by the Court of Civil Appeals is styled State v. Humble Oil & Refining Co. and appears at 187 S.W.2d 93. Such opinion, with refusal of writ by the Supreme Court, is stare decisis of any question of the effect of the judgment in Allen Vince vs. Wilson Strickland and binding on all the world, and especially on these plaintiffs.

."Second: A. On August 11, 1941, the District Court of Montgomery County, Texas, in consolidated cause No. 18,253–A, styled John Vince et al vs. Humble Oil & Refining Company et al, rendered judgment divesting out of the plaintiffs in that suit title, if any they ever had, to the lands sued for herein and vesting title in defendants in that suit. Such judgment appears at Vol. Y, page 17, of the Minutes of such Court and is attached hereto and made a part hereof, marked Exhibit 'I–E'.

"B. On October 26, 1943, the District Court of Montgomery County, Texas, in cause No. 18,840, styled L. V. Strickland et al vs. Humble Oil & Refining Company et al rendered judgment divesting out of the plaintiffs in that suit title, if any they ever had, to the lands sued for herein and vesting title in defendants in that suit. Such judgment appears at Vol. Z, page 265, of the Minutes of such Court, and a certified copy is attached hereto and made a part hereof, marked Exhibit 'II–B'.

"C. On March 4, 1942, the United States District Court for the Southern District of Texas, Houston Division, in cause No. 2,881 at Law, styled Celia Strickland et al vs. Humble Oil & Refining Company et al, rendered judgment divesting out of the plaintiffs in that suit title, if any they ever had, to the lands sued for herein and vesting title in defendants in that suit. Such judgment appears at Vol. 4, page 729, of the Minutes of the Court. Certified copy of such judgment is attached hereto and made a part hereof, marked Exhibit 'II–C'.

"D. Each plaintiff in this cause or a person by, through or under whom such plaintiff claims the entire interest asserted by such plaintiff herein was a party to one of the suits alleged above in Paragraphs A, B and C of this Part Second. All plaintiffs are therefore bound and precluded by such judgments, which are res adjudicata of their claim to title to said land, operate as an estoppel against plaintiffs and a bar to this suit.

"E. Still not admitting that plaintiffs are the heirs of Wilson Strickland, patentee, nevertheless, even if they were, each plaintiff is barred by res adjudicata and estoppel by virtue of the John Vince et al vs. Humble Oil & Refining Company suit alleged in Paragraph A above because in such suit all persons claiming any title or interest in the land described in the Wilson Strickland patent and all unknown heirs of Wilson Strickland were made parties and therefore bound by such judgment. Certified copies of papers on file in such consolidated suit, showing these facts, are attached hereto and made a part hereof, marked as follows:

"Exhibit No.     Exhibit

II–E–1 First Amended Original Petition of W. T. Williams

II–E–2 Plea in Intervention by State of Texas

II–E–3 Affidavit for Citation by Publication

II–E–4 Citation by Publication, Return, Publisher's Affidavit

II–E–5 Order Appointing Attorney

II–E–6 First Amended Original Answer filed by R. A. Powell

II–E–7 Original Answer filed by J. W. Simpson, Jr.

I–E  Final Judgment

"F. That all heirs of Wilson Strickland, whether named parties individually or not, are bound by such judgment was found and determined by the District Court of Montgomery County, Texas, in L. V. Strickland et al vs. Humble Oil & Refining Company et al, referred to in Paragraph B of this Part Second. Such judg-

ment was appealed to the Honorable Court of Civil Appeals for the Ninth Supreme Judicial District and by order transferred to the Honorable Court of Civil Appeals for the Eleventh Supreme Judicial District. On June 23, 1944, such Court of Civil Appeals rendered an opinion affirming the trial court and specifically holding that all heirs of Wilson Strickland, known or unknown at the time of the John Vince et al vs. Humble Oil & Refining Company et al suit, were bound by such suit. The opinion by the Court of Civil Appeals is styled Strickland vs. Humble Oil & Refining Co. and appears at 181 S.W.2d 901. Such opinion is stare decisis of the question of the effect of the John Vince et al vs. Humble Oil & Refining Company et al judgment on heirs of Wilson Strickland not named individually as parties to such suit and binding on all the world, and especially on these plaintiffs."

Alternately the movants alleged that the Strickland survey is in conflict with similar surveys, naming them, except as to 495 acres.

Further allegations in the motion were that the land in the Strickland survey not in conflict with similar surveys had been held by various persons including the defendants and those under whom such persons claim in peaceable possession adverse to plaintiffs and those from whom plaintiffs' claims are derived, such persons in possession cultivating, using and enjoying such land for more than ten years before the filing of this suit, and made reference to attachments, and further pleaded the the five year statute of limitation.

Among the attachments were the judgment in Cause No. 1718, Allen Vince v. Wilson Strickland in the District Court of Harris County, Texas, in which it was decreed that Vince recover of Strickland the ⅓ league of land, describing it and vesting title in Vince.

The judgment dated August 11, 1941, in cause No. 18,253–A, John Vince v. Humble Oil and Refining Company et al., in the District Court of Montgomery County, Texas, a consolidation of other suits, among which were suits by the Strickland claimants, in which it was decreed that plaintiffs, cross plaintiffs and intervenors take nothing.

The judgment sets out in full the names and claims of all parties thereto, which we do not see any need to recite such herein, and disposes of all issues therein in favor of the defendants.

The judgment in cause No. 18,840, L. V. Strickland et al. v. Humble Oil & Refining Company, in the District Court of Montgomery County, Texas, dated October 26, 1943, was one of the attached documents, and the plaintiffs were denied any recovery. In this case there were a large number of plaintiffs claiming title to the lands as heirs and descendants of Wilson Strickland.

The judgment in consolidated causes Nos. 2829, 2880, 2881 and 2939 in the District Court of the United States for the Southern District of Texas, Houston Division, was attached to the Motion. In this judgment the plaintiffs were denied recovery.

The original petition as well as the plea in intervention by the State of Texas in cause No. 18,569, W. T. Williams v. Continental Oil Company et al. in the District Court of Montgomery County, Texas was attached to the Motion.

The defendants in this present suit made request for admissions of various facts, the plaintiffs admitted that their claims were as heirs of Wilson Strickland, denied the effectiveness of the judgment in Vince v. Strickland in 1848.

The defendants filed answers to the plaintiff's petition, pleading limitation, res judicata, and the various judgments.

The Motion for Summary Judgment as above set out was heard and granted by the trial court.

We believe that the trial court was correct in granting the motion. The subject matter and most, if not all, of the parties plaintiffs, or those through whom they claim title were before the court in one or more of the several suits hereinabove mentioned and as such are bound by one or more of the several judgments. The judgment in this case is dated September 30, 1957.

The judgment in cause No. 18,253–A, John Vince v. Humble Oil & Refining Company et al. was affirmed by the Court of Civil Appeals in State v. Humble Oil & Refining Co. in 187 S.W.2d 93, er. ref., w. o. m.

The judgment in consolidated causes Strickland v. Humble Oil & Refining Co., Nos. 2829, 2880, 2881 and 2939 was affirmed by the Circuit Court of Appeals for the Fifth Circuit in an opinion in 140 F.2d 83, and certiorari was denied by the United States Supreme Court, 323 U.S. 712, 65 S.Ct. 37, 89 L.Ed. 573, rehearing denied, 323 U.S. 812, 65 S.Ct. 111, 89 L.Ed. 647.

The judgment in cause No. 2456, Strickland v. Humble Oil & Refining Co. was affirmed by the Court of Civil Appeals in 181 S.W.2d 901.

In all of the opinions above mentioned the entire aspects of the litigation and the claims of the plaintiffs, as well as that of the defendants, were fully discussed and disposed of and no useful purpose can be had by a recitation of such facts and contentions, and we refer to the several decisions which we believe correctly disposed of the claims of appellants herein.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, J., not sitting.