**HARRIS et al. v. ELM OIL CO. et al.**

No. 6127.

Court of Civil Appeals of Texas. Texarkana.

July 13, 1944.

Rehearing Denied Oct. 5, 1944.

James E. Faulkner, of Henderson, Thos. W. Leahy, of Muskogee, Okl., and Harrington & Harrington, of Longview, for appellants.

F. W. Fischer, of Tyler, and Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellees.

HARVEY, Justice.

This is an appeal from an order of the District Court of Rusk County, Texas, denying appellants a new trial after a hearing had upon a bill of review. A somewhat detailed account of the history of the suit is essential for a proper understanding of the propositions of law presented herein. The cause of action originally was filed by A. A. White and others against F. W. Fischer, Elm Oil Company, and others, in the District Court of Rusk County, and involved the title to the mineral interest in and under 16¼ acres of land in the Francisco Cordova Survey. F. W. Fischer and Elm Oil Company claimed title to the mineral interest through the heirs of Gabe McElroy, who had been missing for a number of years; appellants asserted title by reason of a conveyance from a Negro in Kansas City who contended that he was the real Gabe McElroy who had disappeared years before from the vicinity in which he had been reared. A proceeding to determine the heirship of Gabe McElroy had been had, based upon his absence for a period of more than seven years, in which action the grantors of appellees herein were decreed to be his heirs. At the time this suit was called for trial there were other cases pending in each of which it was contended that a different party was Gabe McElroy from whom conveyances had been taken. One of these suits was filed by the appellants herein. Appellees filed a motion to have all these suits consolidated so that the issue of which one of the various ones claiming to be the Gabe McElroy who had inherited the title to the land in question might be determined in one trial. Upon the court indicating that the motion to consolidate would be granted, A. R. Harris and others, appellants herein, took a nonsuit, and thereafter on October 20, 1939, filed suit in the United States District Court for the Eastern District of Texas, at Tyler, in which all persons claiming an interest in the land, except the Elm Oil Company, were made parties.

While this suit, A. A. White et al. v. F. W. Fischer et al., was still pending on the docket of the District Court of Rusk County, on November 25, 1939, which, it will be noted, was after the filing of the suit by appellants in the Federal District Court at Tyler, the defendants, Elm Oil Company and F. W. Fischer, filed their second amended original answer and cross-action, and impleaded the appellants, asking that judgment be rendered against such impleaded parties as to any right, claim or interest that they might be asserting in the land involved. Service by publication was had upon the one asserting himself to be Gabe McElroy; Mrs. A. R. Harris, and

her husband, James A. Harris, who were residents of the State of Oklahoma. On January 22 1940, this latter case came on for trial in Rusk County, and a judgment was entered in favor of the defendants (appellees) and against appellants. At the time this judgment was rendered, the case of Gabe McElroy, A. R. Harris, and J. A. Harris v. F. W. Fischer et al., was still pending in the Federal Court at Tyler. In the last styled case the petition alleged that the plaintiff Gabe McElroy was the real party at interest and the one who owned the land in suit by inheritance; that the suit was brought for the purpose of establishing his identity, and in the event that he should be determined to be the real Gabe McElroy, the owner of the land, that he and his grantees be given judgment for the title and possession thereof and for damages against the defendants. Some of the defendants filed motions to dismiss because the Elm Oil Company was not made a defendant, which motions were denied by the court. Following the rendition of the judgment in the District Court of Rusk County, hereinabove referred to, F. W. Fischer on February 6, 1940, filed his amended answer in the Federal District Court at Tyler in which he set up said judgment as res judicata of the claims made by the plaintiffs (appellants) in the action in the Federal Court, which plea was by the court overruled. On May 11, 1940, the case was tried to a jury and only cne issue was submitted which was as follows: "Is the colored plaintiff in this case the real Gabe McElroy, the son of Aunt Delia McElroy?" This issue was answered in the negative by the jury and the court rendered judgment that the plaintiffs take nothing against the defendants, from which action of the court no appeal was taken. Subsequent to this judgment, on January 13, 1942, A. R. Harris, individually and as guardian for Gabe McElroy, and J. A. Harris, filed their petition in the instant case, in Rusk County, asking that the judgment rendered therein on January 22, 1940, be vacated and set aside due to their having been cited by publication and not having had an opportunity to be present at the trial. In reply, the defendant, F. W. Fischer, among other things pleaded the judgment of the Federal District Court at Tyler as res judicata of the claims asserted by A. R. Harris, J. A. Harris and Gabe McElroy. After a hearing was had upon these pleadings before Judge R. T. Brown, an order

was entered by the court denying the application for a new trial, from which action this appeal has been perfected.

Appellants present as grounds for reversal herein the action of the court in sustaining the pleas of res judicata and estoppel urged by F. W. Fischer and Elm Oil Company because in their view the judgment in Federal Court at Tyler, upon which such pleas were based, was void by reason of the fact that the District Court of Rusk County already had acquired jurisdiction of the suit and the Federal Court was without authority to enter the judgment, and for the further reason that the Elm Oil Company was an indispensable party to the suit. Another point raised is that the court erred in admitting in evidence the testimony of Harry Johnson, claimed to be Gabe McElroy, which was adduced upon the trial in Federal Court, Johnson being dead at the time of the hearing upon the bill of review in the District Court of Rusk County.

Article 2236, R.C.S. of Texas (Rule 329, Texas Rules of Civil Procedure), provides that in cases in which judgment has been rendered on service of process by publication the court may grant a new trial upon petition of the defendant showing good cause filed within two years after such judgment was rendered. Among the elements embraced by the term "good cause," it is incumbent upon the defendant seeking a new trial to plead and prove that he has a meritorious defense, which if it had been presented, would have resulted in a different judgment. Smalley v. Octagon Oil Co., Tex.Civ.App., 82 S.W. 2d 1049; Sanns v. Chapman, Tex.Civ.App., 144 S.W.2d 341. A bill of review is addressed to the equitable powers of the court, which has broad discretionary authority in passing upon motions for new trials. On appeal, every presumption must be indulged in favor of his ruling, and it will not be disturbed unless it affirmatively is shown that there was an abuse of judicial discretion.

On the hearing upon the motion for a new trial, the plea of res judicata was presented to the court, based on the judgment rendered in the Federal Court at Tyler, in which the plaintiffs there were denied recovery. The defendants in the instant case, who were the plaintiffs in the suit in Federal Court, contend that such judgment was void because the Federal

Court did not have jurisdiction, the District Court of Rusk County theretofore having acquired jurisdiction of the suit. The record discloses that the suit was filed in the Federal District Court after appellants had taken their non-suit in their Rusk County District Court case and prior to the time that the plaintiffs in such suit (appellants herein) were impleaded in the suit pending in the District Court of Rusk County. When such plaintiffs were impleaded, it was in effect a new suit as to them, even though it had been pending on the docket for some time as to the other parties. This being true, as a matter of fact, the Federal Court was the first to acquire jurisdiction of the cause of action herein involved and we do not think that it acted improperly in disposing of the suit. Upon a trial of the issues joined in the suit in Federal Court, judgment was rendered adversely to the plaintiffs therein, and when such judgment was introduced into the record before the court in Rusk County, at the hearing upon the motion for a new trial, the court, while not reciting such fact as a basis for his denial of the motion, had ample reason for his action. The judgment in Federal Court was res judicata of the issue sought to be presented in the suit pending in Rusk County, and therefore the defendants seeking the new trial failed to show that they had a meritorious defense to the suit or that a different result likely would ensue upon another trial.

■ In addition, appellants say that the judgment rendered by the Federal Court at Tyler was void because the Elm Oil Company was not a party to the suit, but that under the facts it was an indispensable party. The plaintiffs in that suit (appellants herein) sued all those apparently that they chose to sue, and they did not join the Elm Oil Company. If the Federal Court upon the trial of the case pending before it made some ruling adverse to the parties involved, a motion for a new trial could have been made or an appeal have been taken from such ruling, which was not done. If we should concede, which we do not, that the Federal Court should not have tried the case therein pending, under the circumstances, until the Elm Oil Company had been made a party, still the judgment entered would not be void merely for lack of a necessary party, but the matter could have been determined by an appeal. A collateral attack on such judgment, as is attempted herein, cannot be made. The appellants here, who were the plaintiffs in that suit, will not be heard now to complain of their failure to make one a party to their suit who, they urge at this time, was an indispensable party. It is true that the point was made by some other party in the case, which suggestion that the Elm Oil Company should be made a party to the suit was overruled by the court. Having litigated the issue of the identity of the one claiming to be the true Gabe McElroy in the Federal Court suit, the judgment rendered there which determined that fact is res judicata, or an estoppel by judgment, of the same issue in subsequent cases, between the same parties, or substantially the same ones, and those in privity with them. Hanrick v. Gurley, 93 Tex. 458, 56 S.W. 330; Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242; Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210.

■ Appellants' third assignment of error deals with the action of the trial court admitting in evidence the depositions of Harry Johnson and wife, Ella Johnson, which were introduced on the trial in Federal Court in Tyler. Henry Johnson, one of the plaintiffs in the suit, claimed to be the real Gabe McElroy, the owner of the land involved in the suit. It was shown at the time his deposition was offered in evidence on the hearing for a new trial in Rusk County that he was dead. It seems no predicate was laid for the introduction of Ella Johnson's deposition. Among other reasons, the deposition of Harry Johnson was admissible as being a statement against interest, and because it was evidence in another trial of a person deceased at the time it was offered involving the same issues and between substantially the same parties. C.J.S., Vol. 31, Evidence, § 284 et seq.; Tex.Jur., Vol. 17, Sec. 276; St. Louis S. W. R. of Texas v. Hengst, 36 Tex.Civ.App. 217, 81 S.W. 832. Too, the hearing was before the court, and if the depositions were not admissible, there was other evidence sufficient to sustain his ruling, and consequently no harm is apparent by reason of the admission of the evidence about which complaint is made.

There being no errors presented by this record, the judgment of the trial court is affirmed.