## FOUNTAIN v. BEAUMONT IMPLEMENT CO. et al.   (No. 734.)

(Court of Civil Appeals of Texas. Beaumont. June 23, 1923.)

Judgment ⊜⟶585(2) — Plaintiff estopped by judgment in former suit involving breach of same contract.

Where, in a former 'suit between the parties, one of the controlling issues was whether defendant made a verbal contract to sell plaintiff's automobile for him and to apply proceeds thereof on · his indebtedness for a new one, judgment rendered therein works an estoppel against plaintiff in his subsequent action against the same defendant for breach of the same contract.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by J. O. Fountain against the Beaumont Implement Company and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Collins, Morris & Barnes, of Beaumont, for appellant.

A. D. Lipscomb, of Beaumont, for appellees.

HIGHTOWER, C. J. In this case the appellant sued the appellees for damages in the sum of $705, alleged to have been sustained in consequence of appellees' breach of a verbal contract with him to sell for him an automobile for $600 or more, with the further agreement and understanding that appellees should apply such proceeds of sale to the extent of $600 on an indebtedness owed by appellant to the Beaumont Implement Company for a new car that he purchased at the time such claimed verbal contract was made.

Appellees answered by general demurrer, general denial, and further specially pleaded res adjudicata and estoppel by judgment. A jury was taken in the case, but upon hearing the evidence the trial court peremptorily instructed a verdict for appellees, and that action is assigned as error.

We think that the plea of estoppel by judgment was fully made out, and for that reason there was no error in the trial court's action.

The case was in the county court at law of Jefferson county, where was tried at a prior date another case between the same real parties at interest, and a trial upon the merits in the prior suit resulted in a judgment in favor of the Beaumont Implement Company against Fountain. One of the vital and controlling issues of fact in the prior suit was as to whether the Beaumont Implement Company made the verbal contract to sell Fountain's car for him, and to apply the proceeds of the sale on his indebtedness for the new car then purchased by him. That fact issue was raised both by the pleadings and the evi-

dence in the prior suit, and its determination was necessarily involved in the judgment rendered. Before Fountain could recover anything in the present suit, the same issue of fact would necessarily have to be again inquired into and determined in his favor. Therefore the judgment against him in the prior suits works an estoppel against him in this suit.

It is not required that we here differentiate between the defense of res judicata and that of estoppel by judgment. The latter defense was made out in this case, whether the other was or not.

This being only a county court case, and we having concluded and entered an order that the judgment should be affirmed, we had not intended to write anything at length upon it, and the writer was of the impression that a memorandum disposition of it had been made sooner.

As heretofore ordered, the judgment is affirmed.