## MAYFIELD COMPANY v. S. P. RUSHING ET AL.

No. 7295. Decided April 19, 1939.
(127 S. W., 2d Series, 135.)

*Lasseter, Simpson & Spruiell,* of Tyler, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that an action in damages could be maintained for a breach of a contract, when said contract had been adjudicated that the defendant was under no obligation specially to perform said con-contract, and that it was unenforceable. Buck v. DeShazo, 5 S. W. (2d) 878; Reddin v. Smith, 65 Texas 26; Lynch Davidson & Co. v. Hudson, 15 S. W. (2d) 203.

*J. N. Saye, W. T. Saye, K. H. Wasson,* all of Longview, for defendants in error.

A prior suit in the Federal Court between the same parties, founded upon the same contract and allegations, and seeking specific performance of the contract or the alternative remedy of damages wherein a final judgment was rendered denying specific performance, but holding the action at law improperly joined, and expressing no opinion thereon, is not res adjudicata of the cause of action for damages, nor a con-

clusive election of remedies. Adoue v. Wettermark, 68 S. W. 553; Brand v. Cates, 97 S. W. 710; Dickensheets v. Hudson, 167 S. W. 1097.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Rusk County by S. P. Rushing and J. C. Flavey, herein designated plaintiffs. It was against Mayfield Company, which will be referred to as defendant.

The suit was for damages for breach of contract. We briefly summarize the pleadings. It was alleged that on October 3, 1930, plaintiffs entered into a written contract with defendant whereby the defendant agreed to sell and plaintiff Rushing agreed to buy an oil and gas lease upon 355 acres of land in Rusk County for a consideration of $19,000. An escrow or option agreement was executed, and $2000 was placed in a bank in Tyler as a forfeit in the event plaintiffs failed to accept the lease after conditions named in the agreement were complied with. Plaintiffs alleged the terms of the option or escrow agreement, and set out in considerable detail what was done in connection with the matter of complying with the terms of same by each party. The purported cause of action is based upon what plaintiffs contend amounted to a full compliance on their part with all conditions of the agreement, and an acceptance of the title by them, so that the option agreement ripened into a complete and binding contract. They then alleged a breach of the contract on or about January 22, 1931, by execution of leases on the 355 acres of land to other parties. It was alleged that at the time of such breach the reasonable cash market value of the lease was $532,500 and they were damaged in the sum of $513,500; that is the difference between the market value of the lease and the price they agreed to pay.

Defendant answered the suit by various pleas, including a plea in bar based on allegations that prior to the filing of the present suit plaintiffs had filed another suit in the Federal district court for specific performance of the identical contract made the basis of this suit, which suit was prosecuted to final judgment against plaintiffs. The bill filed in the district court seeking a specific performance was dismissed for want of equity, and the judgment of the district court was affirmed by the Circuit Court of Appeals. Defendant therefore contended that the judgment in the former suit created an

estoppel as to the present suit, because it was for damages for breach of the identical contract involved in the prior suit. The precise contention was that the Federal court had adjudicated that as a matter of law there had never been a valid contract between the parties, but merely an option, which plaintiffs had allowed to be forfeited by its own terms.

The trial court sustained this plea in bar and also a general demurrer to the petition. While, as indicated in the opinion of the Court of Civil Appeals, there may have been some irregularity in the method of procedure, nevertheless the Court of Civil Appeals considered and passed upon the question of res adjudicata or estoppel by judgment. The case is here upon that question. The Court of Civil Appeals held that plaintiffs were not estopped by the prior judgment, and in its opinion will be found an elaborate statement of all essential matters necessary to a complete discussion of the question involved. 104 S. W. (2d) 619.

In their brief in the Court of Civil Appeals, plaintiffs say: "The record shows, and appellants readily concede, that the suit in Federal court was founded on the identical contract, similar allegations, and sought specific performance, or, alternatively, damages, and that the several motions to dismiss filed by the defendants in that case were sustained and judgment rendered accordingly by the United States District Court. Thereafter, complainants in that cause, who are appellants here, appealed from said judgment to the United States Circuit Court of Appeals for the Fifth Circuit, which court affirmed the lower tribunal's denial of specific performance, but modified the decree by holding that the complainants' cause of action for damages, if any, had been improperly joined in equity with the action for specific performance, and that, therefore, no opinion would be expressed as to what relief, if any, complainants might be entitled to at law. We quote from the opinion of Judge Sibley, who spoke for the United States Circuit Court of Appeals:

" 'The attempt to join as an alternative relief a prayer to recover damages as at law for breach of contract cannot be recognized as proper equity practice. Nor does it render the whole suit one that ought originally to have been brought at law which is to be transferred to the law docket under Equity Rule 22 or 28 U. S. C. A. 397. The court of equity was called on to test the validity of the equity suit by a motion to dismiss on the merits, and dismissed it for want of equity. We approve

this action, expressing no opinion as to what if any relief the appellant may have at law.'

"The complainants in that cause then sought a writ of certiorari in the United States Supreme Court, but were denied."

We further quote from their brief as follows:

"Although appellants have heretofore maintained a suit in the Federal court involving the same issues, and carried same to a final judgment, an inspection of the judgment of the United States Circuit Court of Appeals, which was tacitly affirmed by the United States Supreme Court's denial of a writ of certiorari, reveals that only the question of appellants' right to specific performance of the contract was determined. That relief was denied."

As we understand their position, plaintiffs seek to avoid the effect of the prior judgment upon the ground that the suit in the Federal court was one in equity for a specific performance of the contract here alleged, while the present suit is one in law for damages for breach of said alleged contract; and the Federal court expressly declined to pass on the question of whether or not plaintiffs were entitled to any relief at law in the way of damages.

The question in this case is not to be determined by the mere fact that in one suit the cause of action was for specific performance, while in the other it was for breach of contract. It is determined by the underlying fact that in the first suit it was expressly adjudicated that no contract ever existed between the parties which could be the basis of either cause of action.

The judgment of the Federal District Court dismissing the bill for want of equity was general, in so far as the grounds on which the motion to dismiss was sustained. Such action of the court was an effectual disposition of the case upon its merits. The opinion of the Circuit Court of Appeals affirming the judgment is reported in 62 Federal (2d) 618. Plaintiffs pleaded a portion of the opinion of the Circuit Court of Appeals for the purpose of showing that the question of the right to relief in damages was excluded from the judgment of the court. We think it entirely proper to look to said opinion to determine the basis of its judgment affirming the action of the lower court. After discussing the allegation of the pleadings as to the various things which were done prior to November 29, 1930, to ripen the option agreement into contract, the court said:

"At best since Nov. 29th Rushing was only an optionee, with his option kept open to waive defects and take the title as it was. This he did not do, nor bind himself in anywise to pay. The general allegation above quoted of readiness and offer to perform on his part is of no help to him, for it speaks only of 'obligations required by him by the contract,' and we have just been at pains to show that he was under no obligation. It is not stated just what his offers were, nor when made, so it is impossible to conclude that within the time limit by any option he had bound himself or tendered the purchase price. Of course the contract made by closing an option according to its terms may be specifically enforced, but unless the option is thus timely turned into a mutually binding contract there is nothing to be enforced. Irrespective of questions of new consideration and the Statute of Frauds as affecting the parol extension of time, and without deciding whether the remedies named in the contract on its lapse are exclusive, we *think no mutually binding contract made within any agreed time is shown.*" (Emphasis ours.)

It will thus be seen under allegations identical with those in the present suit it has been adjudicated that plaintiffs were never at any time more than optionees, and that there was no mutually binding contract ever entered into. If no binding contract was ever made, then there could be no breach, and consequently no damages for breach.

■ It is elementary that if in a former suit an issue which goes to the foundation and existence of a cause of action has been litigated, such issue cannot be again litigated in a later suit regardless of the form it may take. The case of Hanrick v. Curley, 93 Texas 479, 56 S. W. 330, is in principle directly in point. One Nicholas Hanrick had brought a prior suit, claiming as heir of Edward Hanrick. In that action it was determined that he was not an heir. In the later suit, although different land was involved, apparently the title asserted rested upon heirship with Edward Hanrick. The estoppel was sustained, the Court saying:

"While the cause of action in that case was not the same as that now asserted, the question as to Nicholas Hanrick's right to inherit from Edward was and is directly involved in and common to both cases, and was expressly adjudicated in the former. Although the judgment of the court was, as we formerly held, only a denial of the right to recover the particular land there in controversy, its estoppel is much broader and concludes the parties upon every question which

was directly in issue and was passed upon by the court in arriving at its judgment."

The case of Fountain v. Beaumont Implement Company, 253 S. W. 869, aptly illustrates the rule. As shown by the syllabus it was held in that case as follows:

"Where, in a former suit between the parties, one of the controlling issue was whether defendant made a verbal contract to sell plaintiff's automobile for him and to apply proceeds thereof on his indebtedness for a new one, judgment rendered therein works an estoppel against plaintiff in his subsequent action against the same defendant for breach of the same contract."

See also Gosnell Special School District v. Baggett, 172 Ark. 681, 290 S. W. 577; Wren v. Cooksey, 155 Ky. 620, 159 S. W. 1167; 26 Texas Jur., p. 114.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court April 19, 1939.