EASTERN STATES PETROLEUM CO., Inc., v. GILLILAND REFINING CO. et al.

No. 5710.

Court of Civil Appeals of Texas. Texarkana.

April 11, 1941.

Rehearing Denied May 8, 1941.

Saye & Saye, of Longview, and Wood, Morrow, Gresham & McCorquodale, of Houston, for appellant.

Bramlette, Levy & Dotson, of Longview, and Lasseter, Simpson, Spruiell & Lowry, of Tyler, for appellees.

HALL, Justice.

This is an action for damages brought by appellant against Gilliland Refining Company, John W. Gilliland, A. H. Meadows, General American Oil Company of Texas, and General American Refining Corporation, appellees, for the alleged breach of two oil purchasing contracts executed by appellee Gilliland Refining Company. Appellant alleged that on December 7, 1934, it and appellee Gilliland Refining Company entered into two contracts whereby appellant agreed to buy and appellee agreed to sell large quantities of fuel and topped crude oil at a stipulated price per barrel; that appellee Gilliland Refining Company failed and refused to deliver to it any of the oil covered by either of the contracts, resulting in damages, the basis of this suit. Appellant also averred that Gilliland Refining Company surrendered its charter on or about July 23, 1936, and that the other appellees became the recipients and beneficiaries of its assets with full knowledge of appellant's claim.

Appellees' pleadings consist of a general demurrer, plea in bar, and answer to the merits. In their plea in bar appellees alleged that this cause of action is the same, or substantially the same, as that declared upon by appellant against the Gilliland Refining Company in the United States District Court for the Eastern District of Texas, Tyler Division, in which appellant took a nonsuit and Gilliland Refining Company recovered on its cross action against appellant. The trial court sustained appellees' plea in bar.

Appellant's only proposition is: "The trial court erred in sustaining appellees' plea in bar, because the District Court of the United States, in the case of Eastern States Petroleum Co., Inc., Plaintiff, v. Gilliland Refining Company, Defendant, No. 3432 at Law, on the docket of said court, permitted Eastern States Petroleum Co, Inc., to nonsuit its causes of action therein

asserted, pursuant to Article 2182, Revised Civil Statutes of Texas, 1925, and dismissed the same without prejudice; therefore; there was no adjudication by said court of said causes of action on their merits."

We have been furnished with a complete transcript of the pleadings, evidence and judgment rendered in the Federal Court suit and there is very little dispute between the parties, save and except as to appellees' defense of rescission. The controversy arises with respect to the legal effect on this suit of the judgment entered by the Federal District Court in the prior suit on the cross action of Gilliland Refining Company. The cause of action asserted in the court below is substantially the same as that declared on in the prior suit in the Federal District Court. Appellant in each court grounded its suit in damages for the alleged breach by Gilliland Refining Company of the two oil purchasing contracts. It was the contention of appellees in the Federal District Court that the transaction represented by the two sales contracts for fuel and topped crude oil constituted a sale of said oil to appellant; that appellant assumed the burden of securing tenders from the State Railroad Commission and Federal Tender Board. No part of the oil covered by the two contracts was ever moved. Appellee averred by cross action, in both this suit and the prior suit in Federal District Court, that on account of appellant's inability to obtain tenders to move the oil, it (appellant) "proposed to Gilliland Refining Company that the entire contract be rescinded and that the plaintiff (appellant) be relieved of its obligation to pay for the products it had contracted to buy, and that the plaintiff would accept from Gilliland Refining Company refined products for the $15,000 which had been advanced by plaintiff on the contract of purchases as has been alleged. The Gilliland Refining Company agreed to this rescission, cancellation and abandonment of the contracts and immediately commenced shipping to plaintiff refined products," and continued such shipments until the value thereof amounted to $17,820.72. Appellant denied these allegations in the suit in the Federal Court and trial was had in that court on the cause of action as made by Gilliland Refining Company's cross action and appellant's denial, resulting in a judgment for Gilliland Refining Company for $2,300 and against its claim for damages under its alternative plea charging appellant with a breach of the oil contracts.

That part of the Federal Court judgment pertinent to this discussion is:

"The defendant (appellee Gilliland Refining Company) then requested the court to proceed with the adjudication of its cross-action and this request and motion by the defendant were granted by the court, and at this stage in the proceeding the parties stipulated that a jury was waived.

"And the Court, upon consideration of the pleadings and the evidence and in contemplation of the nonsuit requested by the plaintiff (appellant) and the cross-action filed by the defendant, orders, adjudges and decrees as follows, viz:

"(1) That the cause of action declared upon by the plaintiff be and the same is hereby dismissed, pursuant to the taking of a nonsuit by the plaintiff, as is contemplated under Article 2182, Revised Civil Statutes of Texas of 1925, without prejudice provided the action of the court on defendant's cross-action does not so operate.

"(2) That the taking of a nonsuit and the allowance thereof does not prejudice the rights of the defendant to be heard upon its claim for affirmative relief, and that the plaintiff is justly indebted to the defendant in the sum of twenty-three hundred dollars ($2300.00) with interest thereon at the rate of six per cent per annum from January 1, 1936; and that the defendant do have and recover of and from the plaintiff the sum of twenty-three hundred dollars ($2300.00), with interest thereon from January 1, 1936, at the rate of six per cent per annum; that the defendant be and it is hereby denied all other relief prayed in its cross-action, save and except as to the recovery of the twenty-three hundred dollars ($2300.00) with interest thereon as heretofore decreed in this paragraph, and especially is the defendant denied recovery of the items of damages of one hundred thirty-six thousand, four hundred thirty-eight and 87/100 dollars ($136,438.87) as is declared upon in its cross-action."

Appellees in their pleading admitted the execution of the two oil purchasing contracts, but, as said before, alleged that they had been rescinded by mutual consent of the parties and that the $15,000 advanced by appellant to Gilliland Refining Company had been overpaid in an amount in excess of $2,600 for which overpayment Gilliland Refining Company sought and obtained judgment in the Federal Court. It tendered the issue of overpayment based upon a re-

scission of the oil purchasing contracts which was denied by appellant. Appellees' contention in this respect is aptly expressed in their brief: " * * * The very gravamen of that cause of action (in Federal District Court) was that the contracts had been rescinded and in making restitution to Eastern States for a down payment Gilliland overpaid Eastern States and was entitled to recover back the overplus."

█ From the record before us we are unable to see how the Federal District Court in the prior suit could have rendered judgment in appellee's favor for the $2,300 overpayment without first concluding that the two oil purchasing contracts had been mutually rescinded. For without such finding under appellee's cross action, it would not have been entitled to judgment for the amount of its overpayment of the money advanced. Undoubtedly this was in the mind of the Federal District Court when it dismissed the suit of appellant "without prejudice *provided the action of the court on defendant's* (appellee's) *cross action does not so operate."* Furthermore, the record in that case clearly shows that only appellee's cross action urging the defense of rescission, with the consequent claim for $2,600 together with appellant's denial thereof, were before the Federal Court when its judgment was rendered, and alone furnished the basis for the judgment in appellee's favor. This cross action had its foundation in the oil sales contracts. It grew out of them, and, if sustained, constituted a complete defense to their enforcement. Without the oil sales contracts the $15,000 would not have been advanced, and except for their rescission appellee would not have been entitled to recover from appellant the $2,300 overpayment.

█ Appellant contends that the United States Circuit Court of Appeals, 5th Circuit, in Eastern States Petroleum, Inc., v. Gilliland Refining Co., 103 F.2d 186, 187 (the appeal from the Federal District Court judgment), foreclosed, in its favor, the question of res adjudicata. We do not so interpret said holding. Judge Holmes, in his opinion in that case, says:

" * * * However, appellant insists that, by the introduction of certain documents in evidence, appellee became bound thereby and was precluded from questioning certain recitations contained therein, and that the court erred in overruling this contention. The documents in question were the original petition, and certain correspondence between the parties. Appellant admits that in some instances the documents were introduced for a qualified purpose, and that in others the introduction should have been qualified, *but insists that, as to the issue of rescission, they were before the court and that appellee was bound thereby. * * *

"The demand on which recovery was allowed was based upon an alleged agreement to rescind the contract on which suit was originally brought.* It is conceded that the consideration paid was $15,000 and that oil products valued in excess of $17,000 have been delivered to appellant. Under these facts, and the undoubted right of appellee to proceed with its cross-action after non-suit by appellant, the right of appellee to recover the excess seems too clear to admit of discussion. The judgment of the district court granted the non-suit without prejudice to appellant's right to bring another action on the original demand. Appellant cannot complain of this action, since it was taken at its request. Appellee has brought no cross-appeal, so that nothing we may do can affect a subsequent suit by appellant on its original demand." (Italics ours).

This holding, to our mind, clearly establishes that the Federal District Court judgment in appellee Gilliland Refining Company's favor "was based upon an alleged agreement to rescind the contract upon which suit was originally brought." This opinion was undoubtedly concurred in by Justice McCord and is the opinion of the Federal Circuit Court of Appeals in that case. Should we be mistaken in our interpretation of that opinion, and its holding be that the Federal District Court did not pass upon the defense of rescission, as intimated by Justice Sibley in his concurring opinion, then we think it is contradictory of the Federal District Court judgment. In such circumstances the Federal District Court judgment should control. Harriman v. Northern Securities Co., 197 U.S. 244, 25 S.Ct. 493, 49 L.Ed. 739; Morris v. Housley, Tex.Civ.App., 47 S.W. 846. "The opinion cannot be used to contradict the record or judgment by showing that matters decided by it were not adjudicated." Freeman on Judgments, 5th Ed., Vol. 2, p. 1643, § 772, and authorities cited in support of the above text. The United States Circuit Court of Appeals having in all respects affirmed the Federal District Court's judgment, it did not lie within its power to limit the legal effect thereof. Oglesby v. Attrill, C.C., 20

F. 570; Freeman on Judgments, 5th Ed., Vol. 2, p. 1347, § 640. Moreover, the Federal District Court judgment was not only decisive of all questions that were raised in said cross action, but of all questions that were involved therein and that could and should have been raised. White v. Burch, Tex.Civ.App., 33 S.W.2d 512, writ refused; Carter v. Bacle, Tex.Civ.App., 94 S.W.2d 817, writ dismissed; John Hancock Ins. Co. v. Dameron, Tex.Civ.App., 131 S.W.2d 122.

There is a striking analogy between this case and the case of Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 187, 124 A.L.R. 1210, in which it is said: "It is elementary that if in a former suit an issue which goes to the foundation and existence of a cause of action has been litigated, such issue cannot be again litigated in a later suit, regardless of the form it may take." See, also, Nichols v. Dibrell, 61 Tex. 539; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330. So, if the Federal District Court as a necessary element of its judgment, on appellee's cross action, adjudged that the two oil purchasing contracts theretofore entered into between appellant and appellee Gilliland Refining Company had been rescinded by mutual agreement of the parties, then there could be no cause of action now for damages for their breach.

We are not unmindful of our holding in Burrage v. Hunt, 147 S.W.2d 532, writ dismissed, wherein we looked to the opinion of the Dallas Court of Civil Appeals to ascertain the issues before the Dallas County District Court and determined by it in Hunt's bill of review. In that case the record before us offered no other method of ascertainment of the basis for the judgment of the District Court of Dallas County. But in this case, as said before, we are furnished with the complete transcript of the pleadings, evidence and judgment rendered thereon by the Federal District Court. And as we view the matter, we can not close our eyes to the facts and issues contained in that record and the judgment based thereon.

It is our holding, then, that the judgment of the Federal District Court on appellee's cross action, by necessary implication, adjudicated that the two oil purchasing contracts entered into between appellant and appellee Gilliland Refining Company had been rescinded by the parties thereto, and, as a consequence of said rescission, rendered judgment for appellee for the sum of $2,300, the amount of the overpayment of the $15,000 advanced by appellant to appellee on said contracts. This being true, the lower court was correct in its order sustaining appellee's plea in bar.

The judgment is affirmed.