## WILSON et al. v. ABILENE INDEPENDENT SCHOOL DIST. et al.

## No. 2612.

Court of Civil Appeals of Texas. Eastland.

July 16, 1947.

Rehearing Denied Sept. 19, 1947.

Scarborough, Yates, Scarborough & Black and Sayles & Sayles, all of Abilene, for appellants.

Smith, Eplen & Bickley, of Abilene, for appellees.

GRAY, Justice.

This is the second appeal of this case, the first appeal being reported in, Tex.Civ. App., 190 S.W.2d 406.

In the first trial, concluded on August 22, 1945, the plaintiffs prayed for a temporary injunction restraining the Board of Trustees of Abilene Independent School District and the Superintendent of said city schools from enforcing certain rules and regulations promulgated by said Board as to student membership by juniors and seniors in sororities and fraternities, and that upon final hearing such temporary injunction be made permanent. The pleadings of both plaintiffs and defendants were very full and complete, and the controlling issues were as to whether said Board had the power and authority to make and enforce

such regulations, the penalty for violation being the exclusion of the offenders from participating in extra-curricular activities, and if such power and authority existed, whether said Board had abused its discretion, or acted in an arbitrary manner. On the hearing, much evidence was introduced. Each side was represented by able counsel, who vigorously presented the opposing contentions. While technically, the contest involved the issuance or denial of a temporary injunction, the case was so thoroughly developed as actually to amount to a hearing on the merits. At the conclusion of the testimony, the trial court refused the temporary injunction, from which appeal was perfected to this court. We affirmed the action of the trial court, and the Supreme Court refused an application for writ of error. In our decision, we upheld the power and authority of the Board to make and enforce the regulations in controversy, and such other rules and regulations, which in its judgment, were necessary in maintaining the efficiency of the schools so long as such rules and regulations were reasonable and not arbitrary or contrary to law. However, we held that the school authorities should have no control or supervision over the students in the matter of membership and participation in sororities and fraternities during the vacation period. Thereupon, the Board revised such rules and regulations to conform to our holdings in the matter.

Shortly after our affirmance of the case, the plaintiffs filed their amended original petition, which with minor variations, was an almost exact duplicate of their original petition. A few parties plaintiff were eliminated and a few others substituted. Mr. J. H. Wilson, the leading plaintiff, remained in the suit as did several other original plaintiffs. Since it was a class suit, plaintiffs suing for and on behalf of all others similarly situated, we regard this slight change in plaintiffs as of no consequence. The prayer was for hearing on the merits and for a permanent injunction. Preliminary to a trial on the amended petition, the trial judge had a pre-trial hearing to determine what new issues, if any, had been injected into the case, and what new evidence, if any, would be offered in support of plaintiffs' case. The original and new attorneys for plaintiffs were present and participated, all of whom admitted that no new issues were raised by the amended pleadings and that they had no new evidence to offer. In other words, the trial would be upon practically the same pleadings and the same testimony as in the former trial. The defendants interposed pleas of res judicata and estoppel, together with denials. On the date set for the hearing on the merits, all attorneys being present, the trial court sustained the plea of res judicata and dismissed the suit, hence this second appeal. In the order and judgment of dismissal, the trial court made certain findings:

1. That if a trial had been had at said time, it would have been upon the identical issues and substantially the same facts as in the former trial.

2. That it was a class suit for only one purpose, to wit, the obtaining of an injunction to prevent enforcement of said rule promulgated by the School Board and that such proposed injunction was in no respect an ancillary proceeding to any main subject matter of the suit, but such injunction being the main and sole object of plaintiffs' action.

3. That all parties had full opportunity to adduce all of the testimony desired in the former trial, and same was in effect a full hearing.

4. That all matters in controversy as to all parties to this suit were of necessity fully litigated in the trial of August, 1945, upon which a judgment was rendered. Although said judgment entered on August 22, 1945, may technically be classed as an interlocutory order, the parties were afforded the right of appeal therefrom, which right plaintiffs exercised, and such order was, in the light of the conclusions herein set forth by the Court, a final adjudication of all issues presented, on their merits and as to all matters in controversy.

5. That such conclusion is necessary for the reason that no court could have passed upon the issues presented at the former trial without finally settling those issues involving the substantial rights of all parties and going to the very foundation of this case.

6. That said judgment entered by this court on August 22, 1945, was duly appealed to the Court of Civil Appeals at Eastland, which said court affirmed the judgment of this court and which court did pass upon the same and identical questions constituting the very foundation of this case, and did declare the law relating thereto, in Cause No. 2532 of the docket of said Court of Civil Appeals at Eastland, 190 S.W.2d 406, and this court is bound by such law (writ having been refused by the Supreme Court) and it would be a useless and futile procedure to hold another trial in this court.

Wherefore, the court concluded that, "said former judgment was in effect and same is hereby adjudged to be a final adjudication of all the rights and matters in controversy of all parties involved in this suit and constituted a final determination of all issues on the merits; and that defendants' plea of res judicata should be, and is hereby sustained."

To which action and ruling of the court, plaintiffs excepted and gave notice of appeal.

We are in entire accord with the conclusion and holdings of the trial court as set out above, and an extended discussion of the same would add nothing to the jurisprudence of the State. The issues involved were litigated, the law declared with reference thereto, and the same is being observed by the Abilene School authorities. However, in deference to appellants, we shall briefly discuss the points on which appellants rely on this appeal, viz.:

1. The order of the trial court in August, 1945, overruling the application for temporary injunction was only interlocutory and not a final judgment on the merits of the case.

2. The only issue on appeal from said order was whether the trial judge abused his discretion.

3. A plea of res judicata has no application to said order.

4. A final judgment on the merits could not have been rendered on appeal from such interlocutory order.

5. Plaintiffs are entitled to a trial on the merits and the judgment of the trial court sustaining the plea of res judicata and dismissing the suit was clearly erroneous.

Appellees counter with the proposition that the judgment of the court in August, 1945, and affirmed on appeal, was a final adjudication of all the matters in controversy between the parties, the court is bound by the law heretofore so declared in this case, and the District Court's judgment in sustaining appellee's plea of res judicata and dismissing the case from the docket should be affirmed. It is obvious that the disposition made of said counter point must be decisive of this appeal. Disregarding technicalities and getting down to what was actually done and what was litigated in the former trial, this record shows that in the pretrial hearing on January 13, 1947, the trial court took judicial knowledge of what occurred in his court at said former trial at which he presided. No objection or question was or is raised with reference thereto. In a somewhat extended discussion between the court and attorneys for appellant as to what issues should be submitted to the jury on hearing on the merits, appellants' counsel suggested some evidentiary issues but agreed that only ultimate issues should be submitted. No controlling questions other than those litigated on the former trial and appeal were suggested. It was further admitted that they had no new material evidence.

On the former appeal, the issues narrowed to, (a) whether the School Board had the power and authority to promulgate the rules and regulations in question, and, if so, (b) whether in so doing, the Board acted unreasonably and arbitrarily or abused its discretion in the matter, both questions of law, and decided adversely to appellants, except as to the summer vacation period. Said issues were foreclosed by our decision and the denial of a writ of error by the Supreme Court. The issue as to whether sororities and fraternities in the student body were detrimental to the efficiency of said school and its discipline as suggested by appellants in said pretrial hearing, was purely evidentiary, but was considered and disposed of in the finding that the Board had not abused its discretion.

In the case of Mayfield Co. v. Rushing et al, 133 Tex. 120, 127 S.W.2d 185, 187, 124 A.L.R. 1210, it is said: "It is elementary that if in a former suit an issue which goes to the foundation and existence of a cause of action has been litigated, such issue cannot be again litigated in a later suit, regardless of the form it may take." In another Commission of Appeals case, Landa v. Isern, 141 Tex. 455, 174 S.W.2d 310, Syllabi 3, the rule is thus stated: "Essential issues cannot be twice litigated by same parties, even in different causes of action, and second suit violating such rule must fall, irrespective of its form." In the late Commission of Appeals case of Repka et al, v. American National Insurance Co., 143 Tex. 542, 186 S.W.2d 977, 982, the court quotes with approval from Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 27, 42 L.Ed. 355, the following: "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

A case very similar to this case is Hudspeth v. Guggenheim 12 S.W.2d 238, by the Court of Civil Appeals at San Antonio, writ of error dismissed, from which we quote the following excerpts:

"There was a thorough investigation of the cause, and after it was decided by the trial judge it was appealed to this court, where the action of the trial court was sustained, and a writ of error afterwards refused by the Supreme Court."

"The former trial, that decision on appeal settled every issue in the case, whether the judgment was interlocutory or final, and it would have been a useless and futile thing to have repeated the whole trial."

"Cases often arise in which the proceedings on the hearing of a petition for a temporary injunction will settle every issue in the case, and it would be unreasonable and farcical to compel a trial court to go over the same proceedings, and the same evidence, in order to render a final judgment. Appellants do not contend that they had other facts to present, and appellees have already presented sufficient facts to entitle them to a recovery."

A very informative discussion of the questions here involved and in complete harmony with the authorities cited above, is Daniel v. Kittrell, 188 S.W.2d 871, 874, by the Waco Court of Civil Appeals. Appellant's points on appeal were almost identical with those raised on this appeal and were decided adversely to appellant there. In said case, the court quotes from Am. Jur. Vol. 30, p. 939, Sec. 197, as follows: "The scope of the term 'final judgment' within the meaning of the rule here under consideration, has been declared not to be confined to a final judgment in an action but to include any judicial decision upon a question of fact or law which is not provisional and subject to change in the future by the same tribunal."

Appellants contend that the former appeal was from an interlocutory order and not from a final judgment. A determination of this point depends not so much on technical definition, as upon what was actually done and litigated. The trial court asserts in his findings that he rendered a final judgment in the former trial. The pleadings and the evidence put in direct issue, the controlling and ultimate questions forming the very basis and foundation of the suit, and all of such questions were litigated. There were no collateral issues involved, nor were said issues ancillary to any others. The trial and appeal involved and determined those basic issues leaving nothing, to be determined in the future, and when it had been finally determined that said School Board had the power and authority to make and enforce the regulations in controversy, and had not abused its discretion, all right to an injunction, either temporary or permanent, was adjudicated, and no other question remaining, the order denying the temporary injunction, though in form interlocutory, was in effect a final judgment.

In 26 Tex.Jur. p. 11, Section 353, the rule as to the application of a plea of res judicata is stated to be as follows:

"The general principle, announced in numerous cases, is that a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies."

The case at Bar conforms to all the elements of the quoted rule. We, therefore, conclude that the trial court committed no error in sustaining the plea of res judicata.

The judgment of the trial court is affirmed.

LONG, J., took no part in the disposition of this case.