**LEON et al. v. NOBLE et al.**
No. 2822.

Court of Civil Appeals of Texas. Eastland.

Nov. 3, 1950.

Rehearing Denied Dec. 1, 1950.

Grisham & King, Abilene, for appellants.

Scarborough, Yates, Scarborough & Black, Wagstaff, Harwell, Wagstaff &

Alvis, Abilene, R. Temple Dickson, Sweetwater, for appellees.

COLLINGS, Justice.

This suit was brought by J. B. Noble against C. E. Leon, Harry Shelton, Polly Shelton and Jim Kelley to recover damages in the sum of $4,590.92 alleged to have been sustained to appellees' automobile and other personal property in a collision. It was claimed by Noble that the damage to his car and property occurred and was proximately caused by the negligent operation of an automobile belonging to appellant, C. E. Leon, who, together with the other defendants named, were alleged to be liable to appellee for such damage by reason of their connection with or interest in the operation of the Leon car. The Travelers Fire Insurance Company intervened, adopting the allegations of Noble's petition and further alleged that at the time of the collision and resultant damage to Noble's automobile, he, Noble, had a policy of insurance with the intervenor company in full force and effect, by the terms of which intervenor was obligated to pay, and has paid to appellee Noble, the sum of $1,471 in cash. Intervenor prayed that in the event of recovery by Noble that from and out of any amount so recovered it have judgment for the full sum paid by it to Noble or so much thereof as Noble might recover in damages against defendants who are appellants in this court.

Appellants filed a plea in abatement asking that appellees' petition be dismissed on the ground that all phases of the case had been litigated and judgment entered in prior suits brought in the District Court of the United States for the Northern District of Texas and in the District Court of Nolan County, Texas. The plea in abatement was overruled and appellants thereafter answered to the merits and the case was tried before a jury and, based upon its verdict, judgment was entered against appellants, jointly and severally, in favor of the intervenor, The Travelers Fire Insurance Company, in the sum of $1,350 and in favor of J. B. Noble in the sum of $650.

Appellants thereupon filed a motion for a new trial, setting out, among other things, the following as reasons therefor:

"The court erred in overruling defendants' plea of res adjudicata presented to the Court, wherein the defendants pled that all issues in this case had been tried or could have been tried in previous suits between all parties hereto, in the United States Federal Court at Abilene, Texas, and in this Honorable Court.

"The Court erred in overruling defendants' plea that the plaintiffs' cause of action was barred because of Rule 97 of the Rules of Civil Procedure, because the plaintiff failed to plead as a counter-claim for damages asserted in this suit in a previous suit before this Honorable Court styled J. B. Noble vs. C. E. Leon, et al., and heretofore tried in September of 1948, and final judgment rendered therein, which suit went to trial on the cross-action of these defendants against the plaintiff, J. B. Noble."

The motion for a new trial was overruled and appellants filed their notice of appeal to this court. Appellants' contention on appeal, as stated in their brief, is that the trial court erred "in failing to sustain the defendant's plea as to compulsory counter-claim under Rule 97, because plaintiff, under said Rule 97 was required to plead and prove his cause of action as a counter-claim in a suit previously tried before the District Court of Nolan County, Texas, styled J. B. Noble v. C. E. Leon, et al., No. 6524, and that plaintiff's failure to so plead for his damage in such previous suit barred the plaintiff from thereafter asserting the same cause of action in the present case."

It appears from the record that the litigation between the parties originated in the United States District Court in Abilene in February, 1948. J. B. Noble brought suit in such court against C. E. Leon and The Travelers Fire Insurance Company to recover for personal injuries to himself and wife and for damages to his automobile by reason of the collision in question. The Travelers Fire Insurance Company was made a party to the suit

because it carried collision insurance on the Noble car. The insurance company filed an answer in the Federal Court and asked for judgment against C. E. Leon for any amount it might be held obligated to pay Noble. Leon filed a plea to the jurisdiction of the court because he, as a resident of Texas, was joined as a party defendant with The Travelers Fire Insurance Company, a corporation, organized under the laws of the State of Connecticut. J. B. Noble and the insurance company thereupon filed a joint motion in which Noble asked leave to amend his petition and to eliminate The Travelers Fire Insurance Company as a party, which was granted by the court. Noble then amended his petition and alleged only damages for personal injuries claimed to have been sustained to himself and wife.

Noble next filed suit, No. 6524, in the District Court of Nolan County, Texas, in which he sought to recover from C. E. Leon the damages to his automobile and other personal property. C. E. Leon and Jim Kelley filed a cross-action seeking judgment against Noble for damages to the automobile belonging to Leon and for personal injuries alleged to have been sustained by Kelley. When the case was called, Noble was not ready, but Leon and Kelley insisted upon a trial on their cross-action. The court ordered the case to trial over objections on the part of Noble who thereupon requested leave of the court to take a non-suit as to his cause of action for the damages to his automobile and personal property. The court entered an order granting the non-suit without prejudice. The case then proceeded to trial upon the cross-action of C. E. Leon and Jim Kelley and judgment was entered against them and in favor of J. B. Noble upon such cross-action.

■■■■ Under the facts presented, we cannot agree with the contention that the trial court erred in overruling appellants' plea in abatement. We are of the opinion, under the facts in this case, that the provisions of Rule 174 gave the trial court power to order a separate trial of such claims. It is not shown that the rights of appellants were prejudiced by the granting of the non-suit. In fact, they made no objection thereto. It is true that the cause of action upon which this suit is based is the same as that claimed by J. B. Noble against appellants in case No. 6524 and that it arose out of the same transaction as the claim there urged by appellants against Noble. We think appellants are correct in assuming that appellees' claim in the present action was a compulsory counter-claim to that urged by appellants in the prior suit under Rule 97(a), Texas Rules of Civil Procedure. The power of the court to grant separate trials in such cases is contemplated and specifically referred to by the terms of Rule 97 itself in paragraph (h) thereof. The court exercised this power when it permitted appellee to take a non-suit without prejudice in case No. 6524. The action of the court permitted appellants to proceed with the trial of their claim against Noble and allowed Noble to dismiss his claim for property damage with the privilege of thereafter urging same in another suit. The net result of this procedure was to permit separate trials of the claims and counter-claims of the parties which was within the court's power and discretion under the facts of this case. Wilson v. Ammann & Jordan, Tex.Civ.App., 163 S.W.2d 660; MacDonald v. Follett, Tex. Civ.App., 193 S.W.2d 287; Montgomery v. Willbanks, Tex.Civ.App., 202 S.W.2d 851; Paul v. Houston Oil Co. of Texas, Tex.Civ.App., 211 S.W.2d 345.

This is not a case where the fact issues urged as a basis for recovery have been found adverse to a plaintiff's position in a prior suit between the parties upon another claim or counter-claim arising out of the same transaction. See Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210; Landa v. Isern, 141 Tex. 455, 174 S.W.2d 310; Strickland v. Humble Oil & Refining Co., Tex.Civ. App., 181 S.W.2d 901; Hayward v. City of Corpus Christi, Tex.Civ.App., 195 S.W.2d 995. On the contrary, the findings in case No. 6524 are consistent and in accord with appellees' right to recover.

The judgment of the trial court is affirmed.