Opinion approved by the Court.

**Mrs. Norah McCAIN et al., Appellants,**

v.

**W. S. SWILLEY et al., Appellees.**

No. 3671.

Court of Civil Appeals of Texas.

Eastland.

Feb. 9, 1962.

Rehearing Denied March 2, 1962.

Able & Graham, P. Harvey, John Randolph and Taylor J. Hughes, Houston, for appellants.

Hamblen & Hamblen, Houston, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellees.

WALTER, Justice.

Appealed from the 125th District Court of Harris County.

This trespass to try title suit was filed by George Grozier, a person of unsound mind, acting by his next friend, R. F. Grozier, against W. S. Swilley. The original parties died. George Grozier died in the Austin State Hospital for the insane. The plaintiffs, appellants herein, claim under the original plaintiff, and the defendants, appellees herein, claim under the original defendants. The property in controversy is an undivided ⅟₄₈th interest in Lot number 3 and an undivided ⁷⁄₂₄ths interest in Lot 5 of the subdivision of the George Young land in the southwest part of the Victor Blanco grant in Harris County, Texas.

The defendants pleaded a general denial, not guilty and the three, five, ten and twen-

ty-five year statutes of limitation. The only issues submitted to the jury were defendants' issues on limitations. All of defendants' limitation issues were found against them. However, the court rendered judgment for the defendants on their motion for judgment non obstante veredicto.

The parties will be referred to as they were designated in the trial court. The plaintiffs have appealed contending the court erred (1) in granting defendants' motion for judgment, (2) in refusing to admit in evidence the petition in the case of Wagers v. Swilley, 220 S.W.2d 673, and the judgment and opinion of the Court of Civil Appeals in said case, (3) in failing to overrule the third and fourth grounds contained in defendants' motion for judgment, and (4) in concluding that the plaintiffs had failed to prove title to the property in controversy.

One of the controlling questions was presented in the defendants' motion for an instructed verdict and is as follows: "Plaintiff, relying upon record title has wholly failed to show any title out of Lorenzo de Zavalla, Jr., and into Emily Hand, and that plaintiff's chain of title and proof out of Emily Hand is therefore not connected with the title of Lorenzo de Zavalla, Jr., and by reason of this omission to make such proof plaintiff has wholly failed to show record title." The motion for an instructed verdict was overruled.

It was stipulated that record title to the land in controversy was vested in Lorenzo de Zavalla, Jr., on or about April 30, 1839.

Defendants contend that plaintiffs failed to show, either as a matter of fact or law, that title passed from Zavalla to Hand. They also contend it was a fact issue which was not submitted by the court or requested by the plaintiffs. The defendants contend it was therefore waived under Texas Rules of Civil Procedure 279.

Masterson v. Harrington, Tex.Civ.App., 145 S.W. 626, (Writ Ref.), decided March 7, 1912, is the first case involving the subject matter of the present litigation. In order to understand the basic facts and the background of the present litigation, it is deemed advisable to copy the following portions from the opinion:

"Appellant filed suit in the district court of Harris County against appellees in trespass to try title, seeking to recover certain land out of the Victor Blanco five-league grant in said county.

"In 1835 title to three leagues in the lower part of the Victor Blanco grant was vested in Lorenzo De Zavalla, Jr.; the premises in controversy herein being a part thereof. Appellant claims title by regular chain from De Zavalla, and defendants claim title under numerous duly recorded conveyances originally emanating from Emily Hand. Appellees contend that the premises in controversy were, in fact, conveyed by De Zavalla to Emily Hand by deed conveying 2,000 acres of land. There is no direct evidence of such a deed; but appellees rely upon facts and circumstances to evidence the presumption that such a conveyance was, in fact, executed.

"The case was tried before a jury, and the sole question submitted to the jury for their determination was whether or not, from all the facts and circumstances in evidence, there was at some time such a deed executed by De Zavalla to Emily Hand, which issue the jury answered by stating, 'We find that there was a deed made to 2,000 acres of the Victor Blanco grant by Lorenzo De Zavalla, Jr., to Emily Hand,' upon which verdict judgment was accordingly rendered by the court in favor of appellees.

"The gist of the various propositions urged by appellant under the first assignment of error is that the evidence was insufficient to warrant the court in submitting such an issue to the jury,

and that the evidence is insufficient to support the jury's finding that there was such a deed.

\* \* \* \* \* \*

"The majority of the court is of the opinion that the finding of the jury in support of the presumption of a conveyance to Emily Hand by De Zavalla of the 2,000 acres of land is supported by the long-continued use and possession of the land, as above stated, by the Youngs and those claiming under them, under numerous recorded deeds, accompanied by the payment of taxes by them, and no assertion of claim of title thereto upon part of De Zavalla up until the time of the filing of this suit."

Wagers v. Swilley, Tex.Civ.App., 220 S. W.2d 673 (Writ Ref. N.R.E.), decided May 5, 1949, is the second case involving the subject matter of the present litigation. The Swilleys were plaintiffs and Wagers was the defendant in this case and we will refer to them as they were designated in the trial court. In addition to pleading trespass to try title in statutory form, plaintiffs also pleaded the 3, 5, 10 and 25 year statutes of limitation. The defendant pleaded not guilty and the 10 year statute of limitation. The Swilleys contended there was a presumption of a deed from Lorenzo de Zavalla, Jr., to Emily Hand and relied on the case of Masterson v. Harrington. The court said:

"As stated above, the abstract of title filed by plaintiffs contained the proceedings in the Masterson-Harrington case. The judgment in that case established that Emily Hand was, with respect to the 2000 acres which were partitioned among the Young heirs, the vendee of Lorenzo De Zavalla, Jr. In that suit it was decided that Lorenzo De Zavalla, Jr., had conveyed the title to the 2000 acres to his mother, who had conveyed to George Young, before he conveyed his title to the lower three leagues to H. Masterson in 1903.

Hence there is no break in the chain of title from the sovereignty of the soil to the Young heirs. \* \* \*

"And while the judgment in the Masterson-Harrington case is not res adjudicata as to defendant, the doctrine of stare decisis renders the judgment binding with respect to what was there determined."

One of the matters determined by the Masterson-Harrington case was the conveyance of the land from Zavalla to Hand. We hold that under the doctrine of stare decisis the plaintiffs were entitled to rely upon this presumption of a deed in establishing their title. We hold that the judgments in Masterson v. Harrington and Wagers v. Swilley were available to plaintiffs in this case as a muniment of title as effectually as a recorded conveyance from Zavalla to Hand. "The doctrine of stare decisis has been applied to decisions of courts in respect to boundaries; breaks in titles and the legal effect of written instruments and property rights." 15 Tex. Jur.2d, page 592, paragraph 132.

The Swilleys contended in the Wagers case that there was a presumption of a deed from Zavalla to Hand and were successful in maintaining that contention. After successfully maintaining such position, we hold they are now estopped to take a contrary position to the prejudice of the plaintiffs. See Mayfield Company v. Rushing et al., 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210; Long v. Knox, 155 Tex. 581, 291 S.W.2d 292.

Defendants claim title to Lot number 5 under a final judgment dated February 16, 1911, in a trespass to try title case. The plaintiffs claim under George Grozier, described in the judgment as a lunatic. The judgment recites: that the lunatic had been served as the law directs; that A. R. Hamblen had theretofore been appointed by the court to represent him; that the plaintiff had offered in settlement

of the lunatic's interest the sum of $150.-00; that the lunatic's attorney informed the court said compromise was a fair, just and proper consideration for the lunatic's interest; that it so appeared to the court and the court confirmed same; that the plaintiff recover the lunatic's title and that all title be divested out of the lunatic and vested in the plaintiff.

Plaintiffs attacked this judgment collaterally and asserted it was void. "Since, as already considered in subdivision b of this section, a judgment against an insane person is not void but merely voidable, it is well settled that such a judgment cannot, on such reason alone, be collaterally attacked by such insane person or by any person claiming from, through, or under such insane person, or in privity with him, and stands as a valid adjudication until annulled or reversed in some direct proceeding for that purpose." 44 C.J.S. Insane Persons § 151, p. 329. "The general rule is well settled that, 'where a court of general jurisdiction, in the exercise of its ordinary judicial functions (as is clearly apparent here), renders a judgment in a cause in which it has jurisdiction over the person of the defendant and the subject-matter of the controversy, such judgment is never void, no matter how erroneous it may appear, from the face of the record or otherwise, to be.' Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876, 877." Dallas Joint Stock Land Bank v. Street et al., Tex.Civ. App., 76 S.W.2d 780, (Writ Ref.).

A lunatic has capacity to appear in court by an attorney. "In Brown v. Rentfro, 57 Tex. 327, a decree, entered upon the agreement of the parties, was attacked in a direct proceeding upon the ground that one of the parties was a lunatic at the time the agreement was made and the decree entered. The decree was there considered as only voidable, and subject to confirmation by the party." Jacob Denni, Guardian, v. J. T. Elliott et al., 60 Tex. 337, at page 339. "From what has been said above, it is apparent that the chief distinction between a void judgment and a valid one is the absence of jurisdiction in the court that rendered the judgment. If the court lacked jurisdiction the judgment is void, and if it had jurisdiction the judgment may be voidable, but it cannot be void." 25 Tex. Jur. 698.

We hold the court had jurisdiction over the parties and subject matter and that the judgment is not void and therefore not subject to collateral attack.

The part of the judgment awarding defendants an interest in Lot 3 is reversed and judgment is rendered for plaintiffs. In all other respects the judgment is affirmed.

Judgment reversed and rendered in part and affirmed in part.