Louie A. FALSETTI, Successor Administrator, Appellant,

v.

Stella Marie LOWMAN et al., Appellees.

No. 4093.

Court of Civil Appeals of Texas.

Eastland.

July 29, 1966.

Rehearing Denied Aug. 26, 1966.

Andress, Woodgate, Richards & Condos, Dallas, for appellant.

Erwin, Wagner & Hodson, Bryan, Suhr & Bering, Houston, Barber & Seale, Jasper, Sneed & Vine, Austin, for appellees.

COLLINGS, Justice.

This is a bill of review brought in the District Court of Brazoria County by Louie A. Falsetti, successor administrator with the will annexed of the estate of B. F. Guido, deceased, against Stella Marie Lowman and her husband, Lawrence Gilbert Lowman, John Frank, individually and as trustee, and numerous other members of a class, joined as defendants. Plaintiff sought to set aside a final judgment entered in the same court on October 18, 1960, enforcing a constructive trust against the estate of B. F. Guido, deceased, his surviving spouse (now Mrs. Falsetti) and the beneficiaries under the decedent's duly probated last will and testament. Both plaintiff and defendants filed motions for summary judgment. The plaintiff's motion was denied and that of the defendants was granted. Louie A. Falsetti has appealed.

Appellant urges two points in which it is contended that the court erred (1) in granting the Lowmans' motion for summary judgment and (2) in denying appellant's motion for summary judgment. Appellant states that under the undisputed facts he was entitled to relief under the bill of review and to judgment as a matter of law because: (a) appellant administrator is without fault regarding the judgment attacked, (b) the judgment attacked violated Article 1982 of the Vernon's Ann. Texas Civil Statutes and is invalid as to all parties, and (c) the claim of the appellees Lowman to enforce the constructive will fails because there was no such will.

This is the third suit between the parties concerning the subject matter involved. Knowledge of the background facts and relationship between the parties is essential to an understanding of the questions presented. The record shows that appellee Stella Marie Lowman is the daughter and sole heir of Dora Frank Guido, deceased, and appellee Lawrence Gilbert Lowman is her husband; that Dora Frank Guido and B. F. Guido were husband and wife from July 31, 1931, until her death in 1949. The

property involved herein was owned by Dora Frank Guido as her separate property. She died testate survived by her husband, B. F. Guido, and her only child and sole heir, appellee Stella Marie Lowman. Her last will executed in 1942 devised the residue of her estate to her husband, B. F. Guido, but if he predeceased her, it devised her entire estate in trust with directions that the income be paid to her daughter Stella Marie Lowman for her life and thereafter, under certain circumstances, to her daughter's husband for life with one-half in remainder to her collateral heirs and one-half in remainder to the collateral heirs of B. F. Guido. The will among other things provided as follows:

"This WILL is made in consideration of the making on this same day, by my husband, B. F. Guido, of a will with the same terms and provisions, and it is our intention to create a TRUST ESTATE as herein provided for the benefit of Mrs. Stella Marie Lowman and her husband, after her death, and for the distribution of the Trust Estate after termination of the Trust in the manner and terms herein set forth."

After the death of Dora Frank Guido her surviving husband, B. F. Guido, offered her will for probate. He qualified as representative thereof, took possession of and appropriated the entire estate to his benefit until his death. In April of 1951, B. F. Guido married Doris C. M. Guido (now Doris C. M. Falsetti, wife of appellant). In 1957 B. F. Guido died testate leaving a subsequent will executed by him bearing date of July 3, 1951. This will devised 49% of the estate of B. F. Guido to his surviving widow (now Mrs. Falsetti), 49% to Stella Marie Lowman and 2% to designated churches. The will was admitted to probate and Doris C. M. Falsetti was appointed and qualified as foreign and ancillary representative of his estate.

On September 8, 1958, the first suit was filed in the District Court of Brazoria County. On or about February 4, 1960,

upon the motion of Stella Marie Lowman, Doris C. M. Guido was removed as ancillary administratrix by order of the County Court. No successor administrator was appointed until June 6, 1961. At a hearing in the District Court on September 16, 1960, on the motion of the Lowmans, Mrs. Guido was dismissed in her representative capacity. Mrs. Guido remained a party to the suit individually and as devisee. There was ample evidence to the effect that Mrs. Guido's dismissal as administratrix was the result of misconduct on her part. On October 18, 1960, the court rendered a final judgment disposing of all parties, subject matters and issues therein. The judgment decreed and established mutual and reciprocal wills or contracts therefor of Dora Frank Guido and B. F. Guido, both deceased, and as against the subsequent will of B. F. Guido, impressed a trust upon the property in favor of appellees, and denied any relief to any of the parties not specifically granted. No motion for new trial or appeal or writ of error was ever perfected therefrom. Such judgment is the one that appellant now seeks to review by this bill of review.

After the entry of the above mentioned judgment appellant and Doris C. M. Guido were married. After the judgment had become final appellant was on June 6, 1961 appointed successor administrator of the estate of B. F. Guido, deceased, for the limited purpose of attacking such judgment. Appellant thereupon filed suit in the Federal court, hereinafter designated as the second suit, wherein he and his wife collaterally attacked the final judgment in the first suit. The Federal District Court held that the State court judgment of October 18, 1960, was void on its face because the estate was not a party to the judgment as required by Article 1982, V.A.T.C.S. On appeal the United States Court of Appeals for the Fifth Circuit reversed the lower Federal Court, holding that the judgment of October 18, 1960, was not void on its face and thereby subject to collateral attack. Lowman v. Falsetti, 5 Cir., 335 F.2d 632.

The Supreme Court denied certiorari. Falsetti et al. v. Lowman, 379 U.S. 966, 85 S.Ct. 659, 13 L.Ed.2d 560.

The present bill of review was then filed by appellants. The general rules in regard to granting a bill of review are that before a litigant can successfully set aside a final judgment he must timely allege and prove (1) a meritorious defense to the cause ·of action alleged to support the judgment, (2) which he was prevented from making by fraud, accident or wrongful act by the opposite party, (3) unmixed with any fraud or negligence on his part. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; Hanks v. Rosser, Tex., 378 S.W.2d 31.

A person who seeks to set aside a judgment by a Bill of Review must comply strictly with the rules providing for such relief. In Smith v. Ferrell, Tex.Com.App., 44 S.W.2d 962, it was held that it was not enough that the petitioner for such relief plead and prove a meritorious defense but that he must go further and show that he was diligent and free from negligence. We overrule points contending that it is established that appellant and the prior administratrix, Mrs. Guido (now Falsetti) are without fault regarding the judgment attacked. Appellant contends that since the estate can act only through its authorized representative the estate and the successor administrator, Louie A. Falsetti, could not have been at fault for the judgment of October 18, 1960, at which time administration of the estate was open and pending but when no successor administrator had been appointed; that, although, Mrs. Doris C. M. Guido (Falsetti) was the estate's representative her authority to represent the estate in Texas ended with her removal as Texas administratrix on February 4, 1960, prior to the judgment on October 18, 1960.

Appellant's position is not well taken. The record shows that Mrs. Falsetti (then Guido) was a party to the suit individually and as a devisee; that she had full knowledge of the judgment and of her prior dismissal from the suit in her representative capacity. The remedy of Mrs. Guido (now Falsetti) was to appeal. There was no appeal. There is no showing that appellees were in any way responsible for Mrs. Guido's failure to appeal, nor is there any showing of any reason or excuse for such failure to appeal. Appellant, the successor administrator stands in the same position as his wife the former representative of the estate. It is held that "an equitable Bill of Review may not be substituted for an appeal." Moncus v. Grace Oil Company, Tex.Civ.App., 284 S.W.2d 375, (1955, no ·writ history), and cases cited therein. To be entitled to a Bill of Review a litigant must show that he has exhausted all adequate legal remedies. Moore v. Mathis, Tex.Civ.App., 369 S.W.2d 450, CCA 1963, ref. n. r. e.

Appellant contends that the question of whether the failure of the other defendants, particularly Mrs. Guido (now Falsetti), to seek a new trial or to appeal therefrom precludes the present successor administrator from obtaining relief by bill of review depends upon whether the judgment in question was joint or several; that if several and divisible the other defendants are bound by the former judgment and the mere invalidity as to the estate would not aid the other parties or warrant the present bill of review. Appellant urges, however, that said judgment against the estate and beneficiary under the last will of B. F. Guido, deceased, was joint and not several. Appellant relies upon Article 1982, V.A.T.C.S. which provides as follows:

"In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties * * *."

Appellant cites several cases in support of his contention that since the suit sought to impose a trust against the estate because of an alleged contractual will that an administrator of the estate was a necessary party and that, although the beneficiaries were represented, the judgment in the ab-

sence of an administrator representing the estate was void.

 We overrule appellant's contention that the judgment is void. That question has already been decided against appellant in a prior suit. In June of 1961, appellant brought suit in the Federal District Court, Northern District of Texas, Dallas Division, seeking to have the judgment in the first suit declared void and to permanently enjoin the enforcement of the judgment alleging that no representative of the estate of B. F. Guido was before the court in the first suit, that the repersentative of the estate had been dismissed as a party to the suit prior to the time of judgment, and that the estate was not duly, properly or adequately represented in such suit. The Federal District Court rendered judgment in favor of appellant, holding in effect that there was not a representative of the estate of B. F. Guido, deceased, before the court at the time judgment was rendered in the first suit and that such judgment was, therefore, wholly void. On appeal to the United States Court of Appeals for the Fifth Circuit the Federal District Court case was reversed and the cause was remanded with instructions to enter judgment in favor of appellees, Stella Marie Lowman et al. The Supreme Court of the United States denied certiorari in this second suit on January 18, 1965. On February 2, 1965, the Circuit Court of Appeals issued its mandate instructing the Federal District Court to enter judgment in favor of appellees. Thereafter, on April 1, 1965, the Federal District Court, pursuant to such mandate, entered judgment for appellees and against appellant, expressly holding the judgment in the State Court to be final and valid and by reference incorporated the orders and provisions of the State court judgment as the orders and judgment of the Federal District Court. The judgment of the District Court is binding on the parties, including appellant. It is res judicata of all issues involved, particularly the question of whether the judgment in the State court is void. 34 Tex.Jur.2d, § 372, Pages 390–391, and cases cited. Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210; Eastern States Petroleum Co., Inc. v. Gilliland Ref. Co., Tex.Civ.App., 151 S.W.2d 933, writ dism., judgm. cor.; Hollums v. Hicks, Tex.Civ.App., 179 S.W.2d 824, writ ref., w. o. m.; Hayward v. City of Corpus Christi, Tex.Civ.App., 195 S.W.2d 995, writ ref. n. r. e.; Harris v. Elm Oil Co., Tex. Civ.App., 183 S.W.2d 216, writ ref., w. o. m.

 Appellant further asserts in his bill of review and urges as a meritorious defense that the evidence shows the absence of a contractual will. This issue was also litigated on the merits in the Federal District Court and decided against appellant. The determination of that issue by the Federal District Court is also binding on appellant and is res judicata.

Appellant's points are overruled. The judgment is affirmed.